In the Matter of the Application of 40TH ST. & PARK AVE., INC., Petitioner, for a Peremptory Order of Mandamus against JAMES J. WALKER, as Mayor of the City of New York, and Others, Constituting the Board of Estimate and Apportionment of the City of New York, CHARLES BRADY, as Superintendent of Buildings of the Borough of Manhattan, JOSEPH F. STILLMAN and AUSTEN G. FOX, Defendants.

Supreme Court, New York County, April 18, 1929.

*Charles L. Craig,* for the petitioner.

*George P. Nicholson [William T. Kennedy* of counsel], for the defendants constituting Board of Estimate and Apportionment of the City of New York, and Charles Brady, as Superintendent of Buildings of the Borough of Manhattan.

*Spence, Hopkins & Walser [Kenneth M. Spence* and *Paul Van Anda* of counsel], for the defendant Austen G. Fox.

*Carter, Ledyard & Milburn [Leslie D. Dawson* of counsel], for the defendant Joseph F. Stillman.

McCook, J. The petitioner asks for a peremptory order of mandamus requiring the defendants, constituting the board of estimate and apportionment of the city of New York, to correct the record of the proceedings of such board taken on or about the 25th day of December, 1928, so as to record that the resolution to approve the amendment of a Building Zone Resolution and a use district map, so as to change from a residence district to a business district the property on the south side of East Fortieth street from a point 100 feet east of Madison avenue to Park avenue, was duly and legally adopted by the eleven affirmative votes cast by the mayor and others, and requiring the defendant Charles Brady, as superintendent of buildings of the borough of Manhattan, city of New York, to approve the application of the petitioner for the erection of an office building upon its property and issue the necessary permit. Two owners of residences in the district, Joseph F. Stillman and Austen G. Fox, are joined as defendants.

On May 14, 1928, a petition was presented to the board of estimate and apportionment by owners of property on the south side of East Fortieth street, New York city, requesting the appropriate action for rezoning the south side of East Fortieth street so that the portion then in a residence use district should be changed to a business use district. Protests against this proposal were filed by owners of more than twenty per cent of the frontage immediately in the rear. The application was passed upon December 20, 1928, and recorded as " failed of adoption." It appears that only eleven out of the sixteen votes of the board were cast in favor of the change, the members having the remaining five votes being present and not voting.

Section 242-b of the Greater New York Charter (as amd. by Laws of 1924, chap. 295) provides that an amendment of this kind shall not be passed by the board " except by a unanimous vote of the

board " where there has been a protest made by the owners of twenty per cent or more of the frontage proposed to be altered, or by the owners of twenty per cent of the frontage immediately in the rear thereof, or by the owners of twenty per cent of the frontage directly opposite the frontage proposed to be altered. Petitioner admits that twenty per cent or more of the owners of the frontage immediately in the rear protested against this change, but urges that the requirement contained in section 242-b of the Greater New York Charter for a unanimous vote of the board, in case of a protest by a specified percentage of property owners, is an illegal delegation of governmental power. With this contention the court cannot agree.

By section 242-b the protests of property owners are not conclusive, but may be overridden by the board of estimate provided its vote is unanimous. The ultimate authority to amend the Building Zone Resolution resides in that board. There is no delegation of power, and the action of the property owners is merely a prerequisite to a vote.

The petitioner also claims that the Building Zone Resolution of the city of New York is unconstitutional and void in its effect upon petitioner's property, because it does not tend to promote the health, safety, convenience and general welfare of the inhabitants of that part of the city of New York, and does not bear a substantial relation to their health, safety, morals or general welfare; also that the enforcement of the Building Zone Resolution as applied .to the property in question deprives the petitioner of its property without due process of law, because petitioner is unable to make a profit from a residential use of its property. The papers before the court do not bear out these contentions, but rather tend to show the contrary. (*Matter of Stillman* v. *Board of Standards and Appeals*, 222 App. Div. 19; affd., 247 N. Y. 599.) The selection of the property on the south side of East Fortieth street between Madison and Park avenues as a residence district was not an arbitrary or unreasonable exercise of the police power conferred upon the board of estimate by section 242-b of the charter. There is no evidence before the court of a material change in the character of the neighborhood in question since previous determinations by which it was declared a residence use district. (Record on appeal in *40th St. & Park Ave., Inc.*, v. *Fox*, 222 App. Div. 667, and 248 N. Y. 527.)

The court having rejected petitioner's major constitutional contentions, it is perhaps unnecessary to argue the futility of granting the relief demanded in view of the restrictive covenants contained in deeds of the defendant Fox. (*40th St. & Park Ave., Inc.*, v. *Fox*, 248 N. Y. 527, 528.) The motion is in all respects denied, with ten dollars costs.