*In re* PETITION OF CITY OF DETROIT FOR CONDEMNATION
OF LANDS FOR AIRPORT.

1. EMINENT DOMAIN—PURPOSE OF TAKING.

   The taking of private property for public use is not confined to
   only such purposes as have to do with public health or public
   safety as the purpose for which the property may be taken
   includes public welfare or public necessity.

2. SAME — MUNICIPAL CORPORATIONS — AIRPORTS — CONSTITUTIONAL
   LAW.

   A city's right to exercise the power of eminent domain to con-
   demn property in another county for an airport is not re-
   stricted by provision of Constitution authorizing cities and
   villages to "acquire, own, establish and maintain, either
   within or without its corporate limits, parks, boulevards,
   cemeteries, hospitals, almshouses and all works which involve
   the public health or safety" (Const. 1908, art. 8, § 22; 1
   Comp. Laws 1929, §§ 3763–3783, as amended by Act No. 296,
   Pub. Acts 1941; § 4829, as amended by Act No. 333, Pub.
   Acts 1941).

3. SAME—STATE SOVEREIGNTY.

   The power of eminent domain is inherent in State sovereignty
   and, subject to constitutional restrictions, is entirely under
   control of the legislature.

4. SAME—MOTION TO DISMISS PETITION—ALLEGATIONS.

   Allegations of city's petition to condemn land for use as an
   airport must be accepted as true in passing upon motion to
   dismiss filed by township in which airport was sought to be
   located (1 Comp. Laws 1929, §§ 3763–3783, as amended by
   Act No. 296, Pub. Acts 1941; § 4829, as amended by Act
   No. 333, Pub. Acts 1941).

5. SAME—AIRPORTS—VACATION OF HIGHWAYS—MOTION TO DISMISS.

   City's petition to condemn land in another county for an air-
   port, which expressly confines the condemnation proceedings
   to the taking of privately-owned property, may not be dis-

missed on motion of township in which land was located because it proposes to vacate or alter public roads and highways which have previously been established where such action does not appear to have been sought (1 Comp. Laws 1929, §§ 3763–3783, as amended by Act No. 296, Pub. Acts 1941; § 4829, as amended by Act No. 333, Pub. Acts 1941).

6. SAME—AIRPORTS—PUBLIC USE—ALLEGATIONS OF PETITION TO CONDEMN—MOTION TO DISMISS.

On township's motion to dismiss city's petition to condemn lands for use as an airport, allegation of petition that the improvement was for the use and benefit of the public must be accepted as true (1 Comp. Laws 1929, §§ 3763–3783, as amended by Act No. 296, Pub. Acts 1941; § 4829, as amended by Act No. 333, Pub. Acts 1941).

7. SAME—CITY AIRPORTS—TOWNSHIP ORDINANCE—STATUTES.

Township's motion to dismiss petition of city located in another county to condemn lands within the township for use as an airport will not be granted because location of an airport on such proposed site is in violation of township ordinance where such ordinance is unenforceable and void because in violation of statute authorizing city so to locate its airport (1 Comp. Laws 1929, §§ 3763–3783, as amended by Act No. 296, Pub. Acts 1941; § 4829, as amended by Act No. 333, Pub. Acts 1941).

8. SAME—APPOINTMENT OF GUARDIAN AD LITEM—STATUTES.

In proceedings to condemn a square mile of land for use as an airport where it does not appear that any minor, insane or incompetent person was named as a defendant, the failure to obtain the appointment of a guardian *ad litem* upon the filing of the petition did not afford a basis for dismissing the petition, appointment of such a guardian during course of proceedings being a sufficient compliance with the act (1 Comp. Laws 1929, § 3790; § 4829, as amended by Act No. 333, Pub. Acts 1941).

9. ACTION—DISMISSAL—STAY OF PROCEEDINGS—STATUTES.

Federal statute relative to protection of persons in military service involved in litigation does not require dismissal of proceedings but only a stay of proceedings under certain conditions (54 Stat. at L. 1181, § 201).

10. EMINENT DOMAIN—MOTION TO DISMISS—AIRPORTS—NONJOINDER OF PARTIES—PUBLIC IMPROVEMENTS—UNITED STATES—BONDHOLDERS.

In proceeding by city to condemn square mile of land in another county for an airport, contention that motion to dismiss should

be granted because plaintiff failed to join all parties interested, including Federal government which had advanced funds for construction of public improvements in territory sought to be condemned and holders of revenue bonds issued incident to the construction of drains, sewers and water mains into the proposed site, *held*, without merit (1 Comp. Laws 1929, §§ 3763–3783, as amended by Act No. 296, Pub. Acts 1941; § 4829, as amended by Act No. 333, Pub. Acts 1941).

11. SAME—MOTION TO DISMISS—AIRPORTS—DEPRIVATION OF TAXABLE PROPERTY.

In proceeding by city to condemn square mile of land in another county for an airport, contention that motion to dismiss filed by township in which proposed site was located should be granted because the taking of property will deprive the township and county of valuable taxable property *held*, without merit (1 Comp. Laws 1929, §§ 3763–3783, as amended by Act No. 296, Pub. Acts 1941; § 4829, as amended by Act No. 333, Pub. Acts 1941).

12. SAME—MOTION TO DISMISS—AIRPORTS—JURISDICTION.

In proceeding by city of Detroit to condemn square mile of land in another county for an airport, contention that motion to dismiss should be granted because proceeding was instituted in such other county in violation of city's charter vesting jurisdiction of condemnation proceedings for a public improvement in the municipality in the recorder's court of that city *held*, without merit (1 Comp. Laws 1929, §§ 3763–3783, as amended by Act No. 296, Pub. Acts 1941; § 4829, as amended by Act No. 333, Pub. Acts 1941).

13. SAME—MOTION TO DISMISS—AIRPORTS—TITLE OF STATUTES.

In proceeding by city to condemn square mile of land in another county for an airport, contention that motion to dismiss should be granted because statute under which proceeding was brought was void since title did not expressly authorize petitioner to condemn private property for the purpose of constructing an airport *held*, without merit (1 Comp. Laws 1929, §§ 3763–3783, as amended by Act No. 296, Pub. Acts 1941; § 4829, as amended by Act No. 333, Pub. Acts 1941).

Appeal from Macomb; George (Fred W.), J., presiding. Submitted January 11, 1944. (Docket No. 95, Calendar No. 42,556.) Decided April 3, 1944.

Petition by City of Detroit for the condemnation of certain lands for an airport. From denial of its motion to dismiss, the Township of Warren appeals. Affirmed.

*Paul E. Krause,* Corporation Counsel, *Bert R. Sogge,* Assistant Corporation Counsel, and *B. V. Nunneley,* for petitioner.

*Charles A. Retzlaff* (*Kenneth J. McCallum,* of counsel), for Township of Warren.

NORTH, C. J.    This appeal is from denial in the circuit court of a motion by Warren township to dismiss the petition of the city of Detroit, Wayne county, for condemnation of private property for the purpose of constructing and operating an airport site in Warren township, Macomb county, Michigan. Our decision handed down herewith in *Warren Township School District No. 7* v. *City of Detroit* and *Agar* v. *City of Detroit, ante,* 460, is related to the same subject matter. This petition recites that it is filed under the law as provided in "1 Comp. Laws 1929, §§ 3763–3783, as amended by Act No. 296, Pub. Acts 1941 (Comp. Laws Supp. 1943, §§ 3768–3770, Stat. Ann. and Stat. Ann. 1943 Cum. Supp. §§ 8.11–8.31); as provided by * * * 1 Comp. Laws 1929, § 4829, as amended by Act No. 344, Pub. Acts 1939, and Act No. 333, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 4829, Stat. Ann. 1943 Cum. Supp. § 10.61); and the charter of the city of Detroit; and other acts incidental thereto relative to condemnation proceedings." The township, after being served with an order to show cause, entered its special appearance in the condemnation proceedings for the purpose of making this motion to dismiss. The motion was heard and decided on the

record consisting of the petition, the township's motion, and the city's answer thereto. For reasons hereinafter noted we hold that denial of motion to dismiss must be affirmed.

The reasons first assigned by the township in support of its motion are that plaintiff's (the city of Detroit) petition is fatally defective because "the proposed airport does not involve a matter of public health or safety," that it "proposes to vacate or alter public roads and highways which have previously been established," and that "it contemplates the establishment of an airport for private use and not for public use," in violation of the Fourteenth amendment of the Federal Constitution. We know of no constitutional provision which restricts the taking of private property for public use, as proposed in the instant case, to only such purposes as have to do with public health or public safety. Instead the field is broadened to include public welfare or public necessity. The right to exercise the power of eminent domain in the instant case is not limited by the restrictive provisions in article 8, § 22, of the Constitution (1908). The power of eminent domain is inherent in State sovereignty. *City of Detroit* v. *Oakland Circuit Judge,* 237 Mich. 446; *Fitzsimons & Galvin, Inc.,* v. *Rogers,* 243 Mich. 649. Subject to constitutional restrictions, it is entirely under control of the legislature. *Loomis* v. *Hartz,* 165 Mich. 662. The Michigan legislature has delegated the right to exercise that power for the purpose of establishing airports to cities, villages, townships and counties of this State. 1 Comp. Laws 1929, § 4829, as amended. The petition, under its allegations, which must be accepted as true in passing upon the township's motion to dismiss, expressly confines the condemnation proceedings to the taking of privately owned property. It does not seek the vacation or alteration of public roads or highways. Nor does plain-

tiff's petition seek to condemn the township's drains, sewers or water mains in the designated territory. And clearly, under the allegations of plaintiff's petition, the contemplated airport is not one for private use, but instead the "improvement is for the use and benefit of the public;" and "the different pieces or parcels of real estate   *   *   *   are proposed to be taken for said public improvement, to-wit: an airport site for use and benefit of the public."

The township also urges in support of its motion to dismiss that granting the relief sought in the condemnation proceedings would be in "direct contravention and violation" of a township ordinance under the provisions of which "the use or occupancy of any lands or premises for an airport   *   *   *   is prohibited" in that portion of Warren township where the proposed airport would be located. This contention cannot be sustained. Such a township ordinance is unenforceable and void for the reason that it is in direct conflict with the following State statute: "The State administrative board or the legislative body of any city or village or township in this State is hereby authorized to acquire, own, control, lease, equip, improve, operate and regulate landing fields, seaplane harbors and airports for aeroplane and other aircraft either within or without the limits of said cities and villages," 1 Comp. Laws 1929, § 4829, as amended. See, also, *People* v. *McDaniel,* 303 Mich. 90. Because a contrary contention is urged in another of the township's reasons in support of its motion, it may be noted that the above-quoted statute does not limit the power of a city to condemn lands for the purpose specified to such lands as are within the county in which the city is located.

The township further assigns as reasons in support of its motion to dismiss that plaintiff failed to obtain the appointment of a guardian *ad litem* upon

the filing of its petition, and also that plaintiff failed to comply with the soldiers' and sailors' relief act of 1940 as amended (54 Stat. at L. 1181, § 201). As to the appointment of a guardian *ad litem,* the circuit judge in his opinion properly stated: "It is the opinion of the court that since no minor, insane or incompetent persons were named as defendants, that appointment of a guardian *ad litem* as of the present time is a compliance with the act." (1 Comp. Laws 1929, § 3790 [Stat. Ann. § 8.47]). As to the other of the two reasons just above noted, it is sufficient to observe that the Federal enactment for the protection of "a person in military service," only provides: "In the discretion of the court in which it (any action) is pending; (the court may) on its own motion, and shall, on application to it by such person or some person in his behalf" *stay* the proceedings, unless in the opinion of the court the ability of the protected party to prosecute or defend the suit "is not materially affected by reason of his military service." The statute does not require dismissal of an action, but at most only a stay under certain conditions. So far as disclosed by the record, no motion to stay has been before the trial court.

Numerous other reasons are assigned by the township in support of its motion; among them are the following: (1) that plaintiff failed to join all parties interested, including the Federal government which advanced funds for the construction of public improvements in the territory sought to be condemned, and holders of revenue bonds issued incident to the construction of drains, sewers and water mains extending into the proposed site; (2) that taking the property sought to be condemned will deprive the township and the county of Macomb of taxable property of great value; (3) that this con-

demnation proceeding was instituted in violation of the provisions of the Detroit city charter, which provides that condemnation proceedings to secure private property for a public improvement *in the municipality* shall be prosecuted in the recorder's court of that city; and (4) that the statute under which this proceeding is brought is void because the title does not expressly authorize petitioner to condemn private property for the purpose of constructing an airport. Each of the foregoing and other reasons urged by appellant in support of its motion to dismiss have been given careful consideration, but our conclusion is that each of them is without merit.

The order of the trial court denying the township's motion to dismiss is affirmed and the case remanded for further proceedings. Plaintiff will have costs of this appeal against Warren township.

Starr, Wiest, Butzel, Bushnell, Sharpe, and Boyles, JJ., concurred. Reid, J., did not sit.