MADELINE VISCUSI, Plaintiff, *v.* CITY OF SCHENECTADY et al., Defendants.

Supreme Court, Special Term, Schenectady County, September 18, 1950.

*Poersch & Sevits* for plaintiff.

*Cerrito & Clayman* for Carmelo De Paolo and another, defendants.

*J. Vincent Smith, Corporation Counsel,* for City of Schenectady, defendant.

BOOKSTEIN, J. The provisions of section 83 of the General City Law here involved constitute a limitation on the general legislative powers of the common council and must be strictly construed. Concededly, the protest was not acknowledged. " The court may not exercise a dispensing power based on the principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with." (*Ponsrok* v. *City of Yonkers,* 254 N. Y. 91, 95.) In the absence of a protest which complies with the requirements of section 83 of the General City Law, a majority vote of the council is adequate to pass a valid ordinance, amending the local zoning laws.

On an application for a temporary injunction, the right thereto must be clear, before it can be granted. This application fails to present such a situation.

Motion for temporary injunction denied.