Edwin R. Lynde, J.
The plaintiffs have brought this action for a declaratory judgment to determine their rights in connection with proceedings taken by the defendant village in considering and voting upon a resolution having as its purpose amendment of its Zoning Ordinance. The complaint contains two causes of action. In the first, the plaintiffs allege that a resolution voted upon on September 7, 1965, was duly adopted by the Village Board of Trustees; in the second, they allege that if the amendment is ineffective, the village’s Zoning Ordinance, as it applies to their property, is confiscatory and unconstitutional. The plaintiffs have moved for summary judgment on the first cause of action. The motion is granted.
The plaintiffs are the owners of a parcel of property which was the subject matter of an application to rezone from a Residence “ A A ” category to Residence “B”. In November of *94 1964, the plaintiffs entered into a contract of sale for the property, contingent upon such rezoning. The contract vendees petitioned the defendant Board of Trustees for the rezoning, and, on due notice, a hearing was held on June 15, 1965. At the hearing, owners of 20% or more of the area affected submitted written protests. On September 7, 1965, the board voted on a resolution to amend the village’s Zoning Ordinance, which provided for the requested change of zone. The vote of the 5 Trustees was 4 in favor of the resolution and 1 against. After the vote, the Mayor announced that, in view of the provisions of section 2004 of the Zoning Ordinance of the Incorporated Village of Hempstead, the change of zone was not effective since that section required a unanimous vote when more than 20% of the owners affected opposed the application.
The plaintiffs contend that under section 179 of the Village Law, such a resolution is effective when adopted by a vote of a three-fourths majority, that, to the extent section 2004 of the Building Zone Ordinance is inconsistent with the Village Law, it is invalid, and, since the resolution was adopted as provided in the Village Law, it is effective.
Prior to April, 1956, the provisions of the Village Law and the Hempstead Zoning Ordinance were practically identical. The Village Law (§ 179) read: “ Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed by the board of trustees on its own motion or on petition. In case, however, of a protest against such change signed by the owners of twenty per centum or more of the area of the land included in such proposed change, or by the owners of twenty per centum or more of the land immediately adjacent extending one hundred feet therefrom, or by the owners of twenty per centum or more of the land directly opposite thereto, extending one hundred feet from the street frontage of such opposite land, such amendment shall not become effective except by the favorable vote of all the members of the board of trustees.”
The Hempstead Ordinance provided: “ In case of a protest against such change signed by the owners of twenty per cent (20%) or more of the area of the land included in such proposed change, or by twenty per cent (20%) or more of the owners of the land adjacent in the rear thereto, or by twenty per cent (20%) or more of the owners of the land immediately adjacent on either side extending one hundred (100) feet therefrom, or by twenty per cent (20%) or more of the owners of the land directly opposite thereto, extending one hundred (100) feet on either side from the street frontage of such opposite land, such *95 amendment shall not become effective except by the favorable vote of all the members of the Village Board.”
Thereafter, in 1956, section 179 of the Village Law was amended by changing the unanimous vote requirement to a three-fourths vote and as amended, it now reads: ‘£ Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed by the board of trustees on its own motion or on petition. In case, however, of a protest against such change signed by the owners of twenty per centum or more of the area of the land included in such proposed change, or by the owners of twenty per centum or more of the land immediately adjacent extending one hundred feet therefrom, or by the owners of twenty per centum or more of the land directly opposite thereto, extending one hundred feet from the street frontage of such opposite land, such amendment shall not become effective except by the favorable vote of two-thirds of the members of the board of trustees in villages having three members on the board of trustees and three-fourths of the members of the board of trustees in all the other villages.”
Although the Village Law was amended, the Village of Hemp-stead did not amend its Zoning Ordinance and retained the requirement that such enactment must be by unanimous vote.
Zoning ordinances must conform to constitutional and statutory requirements. To be valid, a zoning ordinance must be in substantial conformity with the enabling act authorizing it. A provision of a zoning ordinance which is not authorized by an enabling act is void, and a zoning ordinance is invalid at least to the extent of its inconsistency with the basic statute (8 McQuillin, Municipal Corporations [3d ed.], § 25.58). The sole issue in this case is whether or not the statute and the ordinance are now inconsistent. The defendants contend that there is no inconsistency since compliance with the provisions of the ordinance necessarily includes compliance with section 179 of the Village Law.
The validity of legislation requiring approval by a vote of more than a majority when a certain per cent of interested property owners object to a proposed change has been upheld (Matter of 40th St. & Park Ave. v. Walker, 133 Misc. 907), and in cases where a local ordinance permitted approval by a vote smaller than that prescribed in the basic statute, it has been held that the State’s statutory requirement must prevail (Rabasco v. Town of Greenburgh, 285 App. Div. 895, affd. 309 N. Y. 735; Matter of. Glen Cove Shopping Center v. Suozzi, 8 Misc 2d 247; Matter of Melita v. Nolan, 126 Misc. 345). Although it does not appear that the precise question raised herein has *96 been considered by the courts of this State, there are general observations by way of dicta to the effect that the enabling statute must be strictly construed (Viscusi v. City of Schenectady, 198 Misc. 732, 733); that the powers granted thereunder must be exercised by the municipality subject to the limitations and restrictions imposed by the State Legislature (Matter of Melita v. Nolan, 126 Misc. 345, 348); and that the power of a municipal body may not be impaired by any self-denying resolution (Morrill Realty Corp. v. Rayon Holding Corp., 254 N. Y. 268, 281). In other jurisdictions, courts have ruled that the municipality cannot impose a greater voting requirement than that provided for in the enabling statute. In City of Jackson v. Freeman-Howie (239 Miss. 84) an application to rezone from residential to commercial was approved by a 2 to 1 vote of the City Council of the City of Jackson, Mississippi. The Zoning Law of the State provided that if protests were filed, an amendment would not become effective except by favorable vote of two thirds of all members of the municipality’s legislative body. The Zoning Ordinance of the City of Jackson required that a proposed amendment which elicited such protests would not be effective unless adopted by unanimous vote of the Council. In that case, as here, it was contended that the State’s prescribed two-thirds vote meant not less than two thirds and that the local Zoning Ordinance was not inconsistent. The court held that the amendment effecting a rezoning of the property was validly enacted when approved by a two-thirds vote and that the conclusion of the City Council that the amendment was not valid was a mistake of law.
In Bauman v. State ex rel. Underwood (122 Ohio St. 269) a Zoning Ordinance had been approved by a majority of the City Council of the City of Akron. The Akron City Charter which had been enacted by the Legislature of the State of Ohio, conferred on the City Council the power to enact and amend zoning ordinances by a majority vote. The Zoning Ordinance adopted by the Council provided that a proposed amendment could be enacted only by a three-fourths vote when there was no approval by the Planning Commission. There had been no approval by the Planning Commission and the petitioner had contended that the requirement of a three-fourths vote was invalid. The Ohio court agreed, declaring that the City Council could not divest itself of a power granted by its charter.
Citing the cases referred to above, and others, Rathkopf, in “ The Law of Zoning and Planning” (3d ed., vol. 1, ch. 28, p. 28-4) states: 1 ‘ Where the provisions of the enabling act and of the ordinance conflict with respect to the number of votes *97 required to create a change, the provisions of the enabling act necessarily prevail. This is so even where the enabling act requires a lesser vote than that called for by the ordinance, the municipal legislative body being unable to impose strictures upon its actions beyond those imposed by the enabling act.” This court has further noted that in an informal opinion of the Attorney-General dated November 19,1964 (1964 Atty. Gen., 172-173), addressed to the Village of Camillus, it was said:
“ This is in reply to your letter dated November 10, 1964 regarding the conflict between the present zoning ordinance of your village and Village Law, § 179, subdivision 1, in so far as the voting requirements of the Board of Trustees in relation to changes in such zoning ordinance are concerned.
“ You state in your letter that the present zoning ordinance contains the exact provisions of former Village Law, § 179, which was in effect on September 15,1945, the date of enactment of said ordinance.
“ On that date both Village Law, § 179, and the zoning ordinance required that zoning changes against which a protest had been filed required a ‘ favorable vote of all the members of the board of trustees.’
“ Village Law, § 179, was amended by Laws of 1956, Chapter 759, effective April 17, 1956, so as to change the voting requirements to require 6 the favorable vote of two-thirds of the members of the board of trustees in villages having three members on the board of trustees and three-fourths of the members of the board of trustees in all other villages. ’
“Inasmuch as Laws of 1956, Chapter 759, hereinbefore referred to, by its terms expressly repealed the former statute, it must be deemed to have repealed the local ordinance based upon the repealed statute.”
* * *
“ Therefore, it is my opinion that Village Law, § 179 (1), presently governs the voting requirements for a change in its zoning ordinance by the Board of Trustees of the Village of Camillus.” Accordingly, it is the decision of this court that the resolution amending the Zoning Ordinance was validly adopted and the village is directed to implement the resolution in accordance with this opinion.