Strafford,
No. 5733.

ERNEST CUTTER, JR. *& a.*

*v.*

DURHAM.

Argued April 3, 1968.
Decided April 30, 1968.

*Fisher, Parsons, Moran & Temple* ( *Mr. Harold D. Moran* orally ), for the plaintiffs.

*Boynton, Waldron & Dill* ( *Mr. Richard E. Dill* orally ), for the defendant.

GRIMES, J. Appeal under RSA 31:77 from the decision of the "legislative body" of the town of Durham which adopted an amendment to the town zoning ordinance changing an area in which the plaintiffs own property from Class A business and Residential I to Residential II. Hearing before a Judicial Referee ( *Blandin,* Jr. ), who ruled that the affirmative vote of three-

quarters of the members present and voting was sufficient for the adoption of the ordinance. The Superior Court ( *Grant,* J. ) reserved the plaintiffs' exceptions to this ruling and also transferred without ruling the questions raised by plaintiffs' motion for a decree based on the pleadings and agreed facts.

The plaintiffs, in reliance on *Towle* v. *Nashua,* 106 N. H. 394, claim that the amendment to the Durham zoning ordinance was not validly adopted because no hearings were held before the legislative body. The *Towle* case, however, involved the enactment of an amendment to a zoning ordinance by a *city* and was decided under the provisions of RSA 31:63 ( supp ) which then and now bears the title "Method of Enactment in Cities."

The case before us involves enactment by a town, not a city, and is governed by RSA 31:63-a ( supp ) rather than RSA 31:63 ( supp ). Section 63-a as it existed in March of 1967 when the vote in question was taken ( Laws 1965, 318:1 ) provided in part as follows: "There shall be at least two public hearings at least fifteen days apart on the regulation or restriction at which parties in interest and citizens shall have an opportunity to be heard. After the first public hearing the planning board shall consider all proposed amendments, and shall vote to accept or reject the amendments prior to the second public hearing. The notice of the second public hearing must contain the amendments accepted by the planning board. At least fifteen days' notice of the time and place of each such public hearing shall be published in a paper of general circulation in the town and a notice thereof shall also be posted in at least three public places in the town. If the town has adopted an official ballot for the election of its officers the following question shall be placed on said official ballot by the town clerk: Shall the zoning ordinance ( or amendment ) as proposed by the planning board ( or zoning commission ) be adopted for this town? Copies of the proposed ordinance shall be on file, and copies shall be made available, at the office of the town clerk two weeks prior to the date of the meeting at which action is to. be taken and a copy of the proposed ordinance and the proposed zoning map shall be on display to the voters on the day of the meeting . . . . "

We hold that it was the clear intention of the Legislature that the hearings required by section 63-a governing towns be held by the planning board and that no hearing before the legislative

body of a town is required. The town of Durham complied with all the requirements of section 63-a ( supp ).

This section does not grant any legislative authority to the planning board as contended by plaintiffs, but reserves to the voters the question whether to enact the amendment proposed by the planning board after the board has complied with the requirements with respect to public hearings.

Plaintiffs' contention that the submission of a zoning ordinance to the voters under section 63-a ( supp ) amounts to an unconstitutional exercise of legislative power by referendum, held invalid in *State* v. *Hayes,* 61 N. H. 264, is unfounded. Towns, unlike the State, are democratic in form and not representative. *deRochemont* v. *Holden,* 99 N. H. 80, 82. The consideration by the voters of proposed ordinances contained in the warrant is not a referendum but the exercise of the legislative power which is vested in them.

Plaintiffs contend that the statute which provides for hearings before the planning board and the restriction of the voters to consideration of only those changes as are proposed by the board is an infringement upon the legislative power. Towns have only such powers as are conferred on them by the Legislature. *Exeter* v. *Kenick,* 104 N. H. 168. Since the town's power to enact and amend a zoning ordinance is dependent upon a legislative grant of such power, the Legislature can determine the method by which such ordinances and amendments may be proposed. This is not a delegation of legislative power to the planning board, but a valid limitation upon the power of the town. *Opinion of the Justices,* 101 N. H. 544; *State* v. *Jenkins,* 102 N. H. 545.

Plaintiffs contend that there were an insufficient number of favorable votes to adopt the article which included the amendment to the zoning ordinance. Both RSA 31:64 ( supp ) and section 1100.2 of the original ordinance require more than a majority vote to amend the ordinance if there is a written protest signed by the owners of twenty per cent of certain specified areas. Such a protest was filed with the board of selectmen in this case. In case of such a protest, RSA 31:64 ( supp ) requires a vote of "two thirds of all the members of the legislative body . . . present and voting" for adoption, while the Durham ordinance requires "three fourths of all the members of the Town Meeting." *Cf.* RSA 31:64.

More than three-fourths of those present and voting voted favorably to the amendment, but plaintiffs contend that three-fourths of all those on the checklist were required under the Durham ordinance which they claim must govern because of the provisions of both RSA 31:89 and section 2100.4B of the Durham ordinance.

The regulation contained in section 1100.2 of the ordinance was made under authority of RSA 31:64 ( supp ) which required a three-quarter vote "of the legislative body" of the municipality. When RSA 31:64 ( supp ) was enacted, reducing the requirement to two-thirds of "all the members of the legislative body . . . present and voting," the provisions of section 1100.2 of the ordinance were no longer authorized under RSA ch. 31. The new rule laid down by that chapter became controlling because the ordinance provision was no longer made "under the authority" of RSA 31:89; *State* v. *Jenkins,* 102 N. H. 545.

*Remanded.*

All concurred.