STATE THEATRE COMPANY, a South
Dakota Corporation, Plaintiff
and Appellant,

v.

Boyce SMITH, City Finance Officer, in
and for the City of Brookings, South
Dakota, Defendant and Respondent.

No. 12498.

Supreme Court of South Dakota.

Argued Jan. 22, 1979.

Decided March 8, 1979.

George S. Mickelson, of McCann, Martin & Mickelson, Brookings, for plaintiff and appellant.

Todd D. Boyd, Brookings, for defendant and respondent; Alan F. Glover, of Denholm & Glover, Brookings, on the brief.

HENDERSON, Justice.

## PARTIES

The Plaintiff-Appellant, State Theatre Company, a South Dakota Corporation, brought suit in Brookings County against the Defendant-Respondent, Boyce Smith, as city finance officer of the City of Brookings. For convenience and clarity, the parties will be referred to as State Theatre and Smith.

## ACTION

State Theatre sought an alternative writ of mandamus ordering Smith to publish notice of an ordinance rezoning State Theatre property, and also a declaratory judgment under the provisions of SDCL 21–24 requesting that SDCL 11–4–5 be declared unconstitutional. The learned trial court entered judgment in favor of Smith on both of State Theatre's prayers for relief.

## FACTS

The parties entered into a stipulation of facts. The court entered its findings of fact, conclusions of law and judgment based upon the stipulation.

State Theatre owns real estate legally within the boundaries of Brookings. Since its annexation in 1967 the property has been zoned R–1A Single Family Dwelling, although it had been used as a golf driving range until 1977 via "grandfathering."

In July, 1977, State Theatre's officers filed a petition with the city planning commission asking that the property be reclassified B–3. A B–3 classification (Business B–3 heavy) allows indoor and outdoor amusements including theaters and drive-in theaters. The planning commission recommended that the city commission approve the reclassification.

Ordinance 17–77, the ordinance rezoning the State Theatre property, was given first reading on September 20, 1977. On October 18, 1977, the ordinance was given a second reading. At the public hearing on the second reading a petition protesting any rezoning was filed. After the petition was filed, the ordinance was amended; the classification of the property was amended from B–3 to a B–2 fringe district. The commission voted unanimously to approve the amended ordinance.

After the October 18 city commission meeting, the Brookings city attorney took the legal posture that the amended ordinance could not go into effect because forty percent of the owners in equity of surrounding properties had protested pursuant to SDCL 11–4–5. Boyce Smith, the city finance officer in charge of publishing and placing the ordinance on the books advised the commission on November 1, 1977, of his intention not to do so. This act triggered the lawsuit.

## ISSUES

1. Was the petition of the landowners valid?
2. Did the amended city ordinance become effective?
3. Does SDCL 11–4–5 supersede Section 808.1 of the Brookings ordinances?
4. Is SDCL 11–4–5 unconstitutional as being an unlawful delegation of legislative power?

## DECISION

State Theatre argues that the protest petition is invalid because it does not specifically refer to the B–3 classification that State Theatre petitioned for. The protest petition provided that:

We, the undersigned property owners, request that the Brookings City Commission reject the application of Richard Peterson to rezone the property known as the driving range south of the Sioux Drive-in. This is legally described as: The North 288.4′ of the West 690.8′ of Outlot A of the Southeast Quarter (SE ¼) of Section Thirty-five (35), Township One Hundred Ten (110) North, Range Fifty (50) West of the 5th P.M., Brookings County, South Dakota.

We do not concur with State Theatre's interpretation of the requirements for a protest petition as set forth in SDCL 11–4–4. According to that statute there are three requirements for a valid protest petition. The petition must be written; it must be signed by at least forty percent of the owners of equity in the lots within one hundred fifty feet from the district; and, it must be filed against the proposed district. If these requirements are met, as they were in this case, the protest petition will halt the effectiveness of an adopted zoning ordinance or an amended zoning ordinance that has been adopted. SDCL 11–4–4, SDCL 11–4–5.

Both parties concede that the petitions of the landowners do not contain a sufficient aggregate area so as to defeat the requirements of the Brookings ordinance but do contain sufficient signatures under the state statute.

State Theatre also argues that SDCL 11–4–5 is superseded by Section 808.1 of the Brookings Code of Ordinances because of SDCL 11–4–6.

SDCL 11–4–5 provides:

If such ordinance be adopted, the same shall be published and take effect as other ordinances unless the referendum be invoked, or unless a written protest be filed with the auditor or clerk, signed by at least *forty per cent of the owners of equity in the lots* included in any proposed district and the lands within one hundred fifty feet from any part of such proposed district measured by excluding streets and alleys. A corporation shall be construed to be a sole owner, and when parcels of land are in the name of more than one person, ownership representation shall be in proportion to the number of signers who join in the petition in relation to the number of owners. In the event such a protest be filed, the ordinance shall not become effective as to the proposed district against which the protest has been filed. Such written protest shall not be allowed as to any ordinance regulating or establishing flood plain areas. (Emphasis added.)

Section 808.1 provides:

If a written protest against any proposed amendment, supplement or change shall have been presented to the city commissioners, signed by the owners of at least *forty percent of the aggregate area* of the lots included in the proposed district and lots or parts of lots within one hundred fifty feet of any proposed district, such proposed amendment, supplement or change shall not become effective. (Emphasis added.)

SDCL 11–4–6 provides:

Whenever the regulations made under authority of this chapter require a greater width or size of yards, courts, or other open spaces, or require a lower height of building or less number of stories, or require a greater percentage of lot to be left unoccupied, or impose other higher standards than are required in any other statute or local ordinance or regulation, the provisions of the regulations made under authority of this chapter shall govern.

Wherever the provisions *of any other statute or local ordinance or regulation*

*require* a greater width or size of yards, courts, or other open spaces, or require a lower height of building or a less number of stories, or other *higher standards than are required by the regulations made under authority of this chapter, the provisions of such statute or local ordinance or regulation shall govern.* (Emphasis added.)

In determining whether SDCL 11–4–5 or Section 808.1 contains the "higher standard" of SDCL 11–4–6 it must be remembered that the zoning law is to be construed by ascertaining and giving effect to the intention of the lawmaking body. 82 Am.Jur. 2d Zoning and Planning § 68 (1976); 73 Am.Jur. 2d Statutes § 155 (1974). In addition, the validity and subsequent effect of a zoning regulation must be decided in each case on its own particular facts. 1 Yokley, Zoning Law and Practice 58 (3d Ed., 1965); 82 Am.Jur. 2d Zoning and Planning § 12 (1976).

It is interesting to note that the state statute read like the Brookings ordinance, but the state statute was changed in 1974. Brookings did not change its ordinance to conform to the state law.

We conclude that SDCL 11–4–5 supersedes Section 808.1. Generally a conflict between the general law of the state, including the enabling act, and a municipal zoning regulation is resolved in favor of the state. *Decatur Park Dist. v. Becker,* 368 Ill. 442, 14 N.E.2d 490 (1938); *Petition of Detroit,* 308 Mich. 480, 14 N.W.2d 140 (1944). R. Anderson, American Law of Zoning § 5.25 (2d Ed., 1976). Where the enabling act and municipal ordinance conflict with respect to the number of votes (or classes of persons who may consent to zoning amendments) to create a change, the enabling act prevails. A. Rathkopt, The Law of Zoning and Planning § 28–4 (1978); *Nardone v. Ryan,* 266 N.Y.S.2d 847, 49 Misc.2d 93 (1966); *Stec. v. Countryside of Hastings, Inc.,* 190 Neb. 733, 212 N.W.2d 561 (1973); *Cutter v. Durham,* 109 N.H. 33, 241 A.2d 216 (1968). Consequently, SDCL 11–4–5 is controlling.

Finally, State Theatre argues that SDCL 11–4–5 is unconstitutional because the ultimate legislative authority and lawmaking power is placed in the hands of a small portion of the population.

We must begin our analysis with the proposition that a zoning law is a legislative act representing a legislative determination and judgment, and like all legislative enactments a zoning law is presumed to be reasonable, valid and constitutional. 82 Am.Jur. 2d Zoning and Planning §§ 15, 25 (1976); 16 Am.Jur. 2d Constitutional Law § 137 (1964). Thus, enactments of the legislature should be upheld unless they are clearly and unmistakably unconstitutional. *Matter of D. T.*, S.D., 237 N.W.2d 166, 169 (1975).

The purpose of rules regarding the construction of statutes is to discover the true intention of the law and said intention is to be ascertained by the court primarily from the language expressed in the statute. *State v. Williamson*, 87 S.D. 512, 211 N.W.2d 182 (1973); 82 Am.Jur. 2d Zoning and Planning § 68 (1976). In ascertaining the intention of the statute, the court's interpretation should not prejudice the public interest or impair an existing right unless language within the statute requiring it to have such operation is so clear that no reasonable doubt can exist of such intention. *Messersmith v. Stanga*, 71 S.D. 88, 21 N.W.2d 321, 323 (1946). Therefore, when examining the validity of a statute, every presumption is indulged in favor of the statute's validity and all presumptions are in favor of the constitutionality of said statute until the contrary is shown beyond a reasonable doubt. *Crowley v. State*, S.D., 268 N.W.2d 616, 618 (1978). The strong presumptions of validity and constitutionality of a state statute result in a heavy burden being placed upon the assailant to show that the zoning law is essentially arbitrary and clearly unreasonable. *Crowley v. State*, supra, at 618; *State v. Reininger*, 59 S.D. 336, 239 N.W. 849 (1931); 3 Yokley, Zoning Law and Practice 38 (3rd Ed., 1965); 82 Am.Jur. 2d Zoning and Planning §§ 15, 27 (1976). Consequently, a zoning law will be upheld if it is fairly debatable. Where there are two possible interpretations, a court should adopt the interpretation of the statute which will uphold it. *Crowley v. State*, supra, at 619; *Haas v. Independent School Dist. No. 1 of Yankton*, 69 S.D. 303, 9 N.W.2d 707 (1943); 82 Am.Jur. 2d Zoning and Planning § 15 (1976).

SDCL 11–4–5 is not a typical "protest" statute. Normally enabling acts provide for the filing of protest petitions by a specified number of property owners within a prescribed distance of the land affected by the amendment under consideration. If sufficient protests are filed, a larger affirmative vote of the municipal legislative body than normally needed to enact an ordinance is required to adopt the protested amendment and render the protest ineffective. R. Anderson, American Law of Zoning § 4.33 (2d Ed., 1966). These provisions have been held constitutional when challenged as an unlawful delegation of legislative power. *Garrity v. District of Columbia*, 66 U.S.App. D.C. 256, 86 F.2d 207 (1936); *Northwood Properties Co. v. Perkins*, 325 Mich. 419, 39 N.W.2d 25 (1949).

SDCL 11–4–5 does allow protest by neighboring property owners but does not include a provision for subsequent municipal legislative action. The statute is, therefore, analogous to what are referred to as "consent" statutes. These statutes require that the consent of a certain number of affected neighbors be obtained before a zoning ordinance is amended. The legislative body has no power to overrule; the neighbors are given the ultimate power to block the amendment. R. Anderson, American Law of Zoning § 4.36.

The validity of consents has long been debated; the absence of standards relating to the giving of consents has been a major ground for the invalidity of consent statutes. There appear to be two categories of consent statutes: those requiring consent to establish a restriction and those requiring consent to waive a restriction. The former are invalid and the latter valid.

The distinction between the two types of statutes is best illustrated by *State v. City of Minneapolis,* 255 Minn. 249, 97 N.W.2d 273 (1959) and *O'Brien v. City of Saint Paul,* 285 Minn. 378, 173 N.W.2d 462 (1969).

In *State v. City of Minneapolis,* supra, the relators' property was zoned commercial. The relators wanted to build an office building on their commercial property. Two-thirds of the relators' neighbors subsequently filed, under authority of a Minneapolis ordinance, consents to rezone relators' property to residential. The consent clause of the ordinance was struck down as an unlawful delegation of power to impose restrictions on real property.

The *O'Brien v. City of Saint Paul,* supra, case involved an application to change zoning from a Residential Class A to a Residential Class C. Class C permitted apartment buildings; Class A permitted single-family dwellings. A Minnesota statute required the consent of neighboring landowners before the amendment of zoning ordinances. The court held that this statute did not constitute an unconstitutional delegation of legislative authority to private persons. The adjoining property owners were not vested with the power to impose restrictions as was the case in *State v. City of Minneapolis,* supra. Instead, they had the right to waive restrictions which were already established by the city.

Such is the case with SDCL 11–4–5, as it serves to permit the waiver of a restriction created by the legislative authority of the municipality. Landowners are entitled to some stability. We agree with the *O'Brien,* supra, decision, and find SDCL 11–4–5 to be constitutional. See also, *Leighton v. City of Minneapolis,* 16 F.Supp. 101 (D.C. D.M.1936); *Cusack Company v. Chicago,* 242 U.S. 526, 37 S.Ct. 190, 61 L.Ed. 472.

In summary, we hold that (1) the protest petition was valid; (2) the zoning ordinance did not become effective; (3) the state statute controls over the municipal ordinance; and (4) the state statute appertaining is not unconstitutional.

The judgment is affirmed.

All the Justices concur.