**CHOKECHERRY HILLS ESTATES, INC., a corporation, Plaintiff and Appellant,**

**v.**

**DEUEL COUNTY, South Dakota, and Harry Lenning, Maurice Christiansen, Albert Konold, Andrew Raml, and Russell Peterson, as members of the Board of County Commissioners of Deuel County, South Dakota, a body politic and corporate, Defendants and Appellees.**

No. 12951.

Supreme Court of South Dakota.

Argued May 23, 1980.

Decided July 16, 1980.

Ronald C. Aho, Brookings, for plaintiff and appellant.

Dennis Evenson, Deuel County State's Atty., Clear Lake, for defendants and appellees.

DUNN, Justice.

This is an appeal from the lower court's order upholding the legality and constitutionality of the Natural Resources District zoning classification as applied to the appellant's property. We affirm.

Appellant is the equitable title holder of 223 acres of real estate situated in Deuel County, South Dakota. The property is situated along the north shore of Lake Oliver and involves approximately 160–170 rods of shoreline along the lake. The shore cover along the lake consists of chokecherry trees, shrubs, and other shore cover and terrain, and extends back from the high water mark of Lake Oliver approximately 200 feet. Of the 223 acres owned by the appellant, slightly in excess of 13 acres is lake frontage and the balance is devoted to agricultural use.

Appellant's purchase of the property was inspired by the desire to develop the 13 acres of lake frontage into home sites. Shortly after acquiring the property, appellant made initial application for a building permit. Prior to this time Deuel County had enacted a comprehensive zoning ordinance. Robert Kalhoff, president of Chokecherry Hills Estates, testified that he owned other land in Deuel County and was well aware when the land in question was purchased that this zoning ordinance existed.

The official zoning map for Deuel County had placed appellant's property into a natural resource classification. The Natural Resource District allowed for the following:

A. Permitted Uses
1. Wildlife production areas;
2. Game refuges;
3. Historic sites and/or monuments;
4. Designated natural prairies;
5. Public hunting and fishing access areas.

B. Uses Permitted by Special Permit if Deemed Not Detrimental to District
1. Transportation and utility easements and rights-of-way;
2. Utility substations;
3. Public parks and/or playgrounds;
4. Horticulture uses and livestock grazing.

Appellant then commenced proceedings to have the lake frontage rezoned from the natural resource classification to a Lake-Park District which lists the following as permitted uses:

A. Permitted Uses
1. Single-family residential usage, including permanent mobile homes;
2. Public and private parks;
3. Horticulture uses;
4. Commercial outdoor recreation areas similar to public areas.

B. Uses Permitted by Special Permit
The County Board of Adjustment may permit other uses which in its opinion are not detrimental to other uses and are in the general character of other uses in the LP District.

A public hearing was held by the Deuel County Planning and Zoning Commission on May 31, 1978, where it was recommended that the application be disapproved. A public hearing on the application was thereafter held by the Deuel County Board of County Commissioners on July 19, 1978. On August 1, 1978, the Deuel County Board of County Commissioners passed a resolution denying the application, and thereafter appellant initiated this proceeding to have the Natural Resource District classification of the comprehensive zoning ordinance declared to be unconstitutional as it applied to appellant's property.

When this matter was presented to the trial court on April 26, 1979, the reasons for the denial of the application by the zoning commission and the county commission were introduced into evidence. The zoning commission's disapproval was based on the following reasons:

That at the time the petitioners on the application purchased the land, they purchased knowing that the land was zoned a Natural Resource District, since the land was zoned before the purchasers bought the land.

That the north lake shore on Lake Oliver is not suitable for development as a Lake Park District for the following reasons: Lake Oliver is a small muddy lake; it is a lake shore having a steep bank making it impractical to maintain a beach or fishing dock.

That the highest and best use of the land is as agriculture and natural resource land.

That a development along the north shore will destroy the natural resource use by reducing the number of migratory birds nesting on Lake Oliver and reducing the habitat available to wildlife along the steep shore bank.

That the development of the north shore will effect the ecology of Lake Oliver. The development will result in higher use and more boats, resulting in a higher potention for pollution.

. . .

That the use of the area for farming is the highest use and the zoning laws must be upheld or the farmers in agriculture zoned districts will start developing for building, too.

The county commission denied the application for the following reasons:

(1) that the reasons as stated on the recommendation by the Deuel County Planning and Zoning Commission,

(2) that the evidence presented by the applicant did not reflect or show an undue hardship resulting from compliance with the zoning ordinance,

(3) that the evidence presented did not show that the premises cannot yield a reasonable return as presently zoned, and

(4) that the re-zoning would tend to alter unfavorably the essential character of the immediate surrounding locality, and

(5) that the development on Lake Oliver will increase the traffic flow and use of Lake Cochrane, a bordering lake which is presently used at a dangerous level.

The testimony introduced at trial indicated that the appellant was farming the land except for the area immediately adjacent to Lake Oliver, which was too steep to farm. The testimony further showed that the property had been fenced and had been used for livestock grazing at some particular time.

Appellant advances two theories to attack the zoning ordinance. In Count One it is alleged that the classification of this land as a natural resource district constitutes a taking in the form of inverse condemnation. Appellant asks for compensation based upon the alleged taking. In Count Two it is alleged that the classification as applied to this property is unconstitutional and should be declared null and void, thus allowing appellant to develop the property pursuant to a Lake-Park District classification.

Appellant purchased this property fully aware that the land was zoned as a natural resources area. Kalhoff testified that he bought the land at a price that reflected the farmland value. Evidence indicates he had been using the land for agricultural purposes at the time of this lawsuit. On the whole, the evidence paints a picture of Mr. Kalhoff taking a gamble that he could succeed in changing the existing zoning law so that he could realize a higher profit.

■ In *State Theatre Co. v. Smith*, 276 N.W.2d 259 (S.D. 1979), we held that a zoning law, like all legislative enactments, is presumed to be reasonable, valid, and constitutional. Appellant has not met the heavy burden placed upon it in challenging the zoning law. There was no evidence that it could not obtain reasonable income on the property by continuing to use it for agricultural purposes. Kalhoff testified that he had not investigated the possibilities of leasing the land for pasturing or building a public hunting area. In response to the reasons given by the zoning commission and the county board for denying the change, Kalhoff merely stated that it was his opinion that residential development was the highest and best use of the land and would not create the problems cited by the commissions. The trial court was not convinced, and neither are we.

■ We agree wholeheartedly that county commissioners may not effectuate a taking without compensation by the manipulation of the zoning laws. "Spot zoning" is a prime example of such an improper taking. There is no evidence of spot zoning in this case. The zoning map of Deuel County shows that the great majority of the lakes in the county have been zoned into the natural resource district. There is no evidence that this property has been singled out for improper or unusual treatment.

We agree with the county commission that the only reason that the change was requested was for the convenience and pecuniary gain of appellant. These are not proper grounds upon which to rezone property or declare a zoning law unconstitutional. *City of Madison v. Clarke*, 288 N.W.2d 312 (S.D. 1980).

In *Just v. Marinette County*, 56 Wis.2d 7, 201 N.W.2d 761 (1972), the Supreme Court of Wisconsin stated that the police power was properly exercised in preventing a public harm by protecting the natural environment of shorelands. No taking was found and no compensation given in *Just*, despite the fact that the landowners had purchased the land before it was restrictively zoned for natural uses. Appellant in the instant case is in a weaker position than the landowner in *Just*, due to the lack of evidence to counter the reasons set forth by the commissions and the fact that he purchased the land with full knowledge of the zoning restrictions.

The order of the trial court is affirmed.

All the Justices concur.