Timothy R. **ENGEN** and Phillip E. Froehlich, General Partners doing business under the firm name and style of Greater Sioux Empire, Ltd., on behalf of themselves and all other residents and property owners in the City of Sioux Falls, Minnehaha County, State of South Dakota, similarly situated, Petitioners, Relators and Appellees,

v.

Rick W. **KNOBE**, Harold F. Wingler, and Vernon G. Winegarden, Mayor and Commissioners of the City of Sioux Falls, South Dakota, Appellants,

and

Contemporary Industries, Midwest, Inc., Intervenor and Appellant.

No. 12929.

Supreme Court of South Dakota.

Argued May 28, 1980.

Decided Nov. 12, 1980.

Kenneth C. Hanson, Sioux Falls, for petitioners, relators and appellees.

Roger A. Schiager, Sioux Falls, for appellants Knobe, Wingler, and Winegarden.

Harold C. Doyle of May, Johnson, Doyle & Becker, Sioux Falls, for appellant Contemporary Industries, Midwest, Inc.

WUEST, Circuit Judge.

The facts and issues in this case were stipulated. Certain lots in Sioux Falls were zoned RS–1 (residential). Appellant Contemporary Industries petitioned the zoning commission to rezone the property for commercial use so that it could erect a neighborhood convenience store. The zoning commission denied the petition. Contemporary Industries appealed to the city commission, which adopted an ordinance rezoning the property to C–1 (neighborhood commercial).

SDCL 11–4–5, together with SDCL 9–19–7, provides that if such an ordinance be adopted, the same shall be published and take effect twenty days after publication unless the referendum be invoked, or unless a written protest be filed, signed by at least forty percent of the owners of equity in the lots included in any proposed district and within 150 feet of any such proposed district, excluding streets and alleys.

After the ordinance rezoning the property was published, a written protest was filed bearing the signatures of at least forty percent of the owners of equity, based upon ownership at the time the ordinance was adopted. However, there were transfers of property after the adoption but prior to the effective date of the ordinance that reduced the percentage of the owners of equity below the required forty percent. A question was thus raised whether the percentage of protesting owners of equity is determined as of the time of the adoption of a rezoning ordinance, or whether the percentage is determined as of the time the ordinance would become effective.

The city attorney advised the city commission that the percentage should be determined as of the effective date rather than the date of adoption. Based on this advice, the city commission determined that the protest petition was insufficient and that the amended rezoning ordinance was effective. From this decision appellees sought a writ of certiorari. The trial court

granted the writ of certiorari, and then held that the percentage should be determined as of the date of adoption rather than the effective date. From this decision the city commission and Contemporary Industries appealed.

The South Dakota statute appears to be unique because in other states authorizing protest petitions there are provisions for further governmental actions, usually requiring approval by a larger majority of votes of the governing board than required for the original adoption. *State Theatre Co. v. Smith*, 276 N.W.2d 259 (S.D.1979).

Since the statute omits any reference to when the percentage is determined, we shall construe it to permit the officials having the responsibility for its administration to proceed in an orderly manner and at the same time protect the rights of the public and owners in equity. See *McKillop v. County Board of Education of Sanborn Co.*, 78 S.D. 587, 105 N.W.2d 671 (1960).

We have concluded that the publication date rather than the adoption or effective date should trigger the protest procedure, and the hammer falls at that time determining who are the owners in equity eligible to sign the written protest. There are three stages in the enactment of an ordinance: adoption, publication, and effective date. SDCL 11–4–5 and 9–19–7.* The publication date is when the public is notified of the provisions of an ordinance, and triggers the twenty–day period to effective date. SDCL 11–4–5 and SDCL 9–19–7. Further, it provides the "owners of equity" with notice so they may file written protests. In addition, the date of publication provides a convenient day certain for the determination of the percentages.

We reject the adoption date because theoretically, if not actually, certain "owners in equity" may not know of the ordinance until publication.

We reject the effective date because it could result in the type of manipulation

* We note that SDCL 9–19–7 provides notice of adoption for two successive weeks when comprehensive regulations or building codes, etc., are involved, rather than publication of the entire ordinance.

which occurred in this case where certain parties transferred two lots that had been in joint tenancy for nineteen years just two days before the effective date of the ordinance so that each became the sole owner of one lot, thus artificially increasing the number of protestants required under the statute. If we should hold that the percentage is determined as of the effective date, it would cause a good deal of confusion, insecurity, and possibly litigation because protests, valid when filed, could be defeated by subsequent transfers of property. This construction would invite abuse and subterfuge.

█ A court should be astute in avoiding a construction of a statute that may be productive of much litigation and insecurity, or that would throw the meaning or administration of the law into hopeless confusion or uncertainty. 73 Am.Jur.2d *Statutes* § 269 (1974).

The stipulated facts establish that the "owners in equity" were the same on the publication date as the adoption date, therefore we affirm.

The judgment of the trial court is affirmed.

DUNN and FOSHEIM, JJ., concur.

WOLLMAN, C. J., concurs specially.

HENDERSON, J., concurs in result.

WUEST, Circuit Judge, sitting for MORGAN, J., disqualified.

WOLLMAN, Chief Justice (concurring specially).

I would hold that the ownership of equity should be determined as of the date of adoption of an ordinance for the purpose of determining the number of signatures necessary to defeat the ordinance under the provisions of SDCL 11-4-5. Use of the adoption date would have the advantage of preventing post-adoption transfers of property made solely for the purpose of raising the number of protest signatures to a level unattainable by those who are opposed to the ordinance. True, such transfers could be made prior to the adoption date by those who are bent on precluding the filing of a valid protest petition, but at least such persons would be forced to declare their intentions by means of recorded transfers prior to the action of the governing body, a fact that might not be without some significance to those who are charged with the responsibility of adopting zoning ordinances.