In the Matter of K. Pascoe Grenfell, Petitioner.
Gertrude Lawyer, as Chairman of The People's League for Government American Style, Respondent.

Supreme Court, Special Term, Schenectady County, August 22, 1945.

*Richmond D. Moot* for petitioner.

*Arlen T. St. Louis, Corporation Counsel of the City of Schenectady,* in support of motion.

*McDonald King* for respondent.

IMRIE, J. This is a motion on return of order to show cause, for determination of the validity of the petition referred to in the above statement.

The petition here in question is for the submission to the voters of Schenectady of a proposed local law to amend the existing charter under plan C of the Optional City Government Law (L. 1914, ch. 444, now repealed by L. 1939, ch. 765) by the repeal of the present charter and the return to the previous form of government under the Second Class Cities Law. The petition is made under section 19-a of the City Home Rule Law.

Petitioner urges that the 1944 amendments to sections 2 and 19-a of the latter statute (L. 1944, ch. 602) render obsolete the holding in *Matter of Maylender* v. *Morrison* (284 N. Y. 575); that a new charter can now be acquired by means of proceedings for amendment under section 19-a as well as under section 20, in view of the addition of the words " however extensively " in the first sentence of section 19-a and of the present wording of clause 5 of section 2. If that argument is sound, section 20, with its more cumbersome procedure is nullified, or section 19-a is, by legislative action, made, in part, alternative to section 20. I do not believe the 1944 amendments evidence any such legislative intent. The final sentence of clause (5) of section 2 in the use of the word " rejected " applies to the administrative action of the officials referred to in section 16, but does not contemplate control of the judicial determination called for in that section. Words and expressions contained in 1943 legislation on the same subject, which was vetoed by Governor Dewey, might have had the effect claimed by the petitioner, but their omission in the 1944 amendments indicates a legislative intent to leave unchanged the distinction between the adoption of a new charter and the adoption of amendments though the latter may be extensive as well as numerous. The proposal is admittedly for the adoption of a new charter, and is illegal and insufficient under the statute.

Further, I hold that the objection that a city cannot now avail itself anew of the form of charter under the Second Class Cities Law is sound. By the home rule constitutional amendments of 1923, the classification of cities was abolished and, with certain exceptions, laws relating to cities were required to apply in general terms. By article XII, section 7 (now N. Y. Const., art. IX, § 13) the force of existing statutes was saved until repealed, amended, modified or superseded. Thereafter the Second Class Cities Law retained life for the support of municipal structures built on it for such period only as that support was necessary. It retained no germs of life for new municipal organization or for reincarnation. To hold otherwise is to run counter to the State policy of general rather than special

or classified city legislation. A village, suddenly grown in population to the stature formerly required for a second class city, cannot by the simple expedient of adopting the statute as its charter, constitute itself an entity which, except only as to those previously in existence, is no longer recognized under the Constitution. The Optional City Government Law had permitted such a move by third class cities (§ 120) but that has now been repealed in the course of the advancement of the home rule principle. If it is correct that the Second Class Cities Law has no reproductive power, then the proposal to return to that statute as a new charter is illegal. I so hold.

The petition is also insufficient and illegal under section 19-a which in clear terms requires " the new matter to be added to the charter either in italics or underlined * * *." It is submitted on the authority of *Matter of Steinberg* v. *Meisser* (291 N. Y. 685) that this requirement is not mandatory. The spirit of the statute is clear; the voters must know what they are voting for. The instant proposal is ambiguous and does not sufficiently set forth information upon which the voters may act understandingly.

A further objection is raised as to the validity of many signatures to the petition. On the hearing, counsel agreed to examine these signatures to restrict as much as possible the area of dispute in that particular. If that examination should disclose to the satisfaction of counsel for the objectors that a sufficient number of signatures could not be stricken from the petition so as to invalidate it on the ground of insufficient signers, this will stand as my decision, and an order may be submitted finding the petition invalid and insufficient. Otherwise, upon advice from counsel, a date will be fixed for a further consideration of the petition as to sufficiency of signers.