In the Matter of K. PASCOE GRENFELL, Respondent.
GERTRUDE LAWYER, as Chairman of The People's League for Government American Style, Appellant.

Argued October 22, 1945; decided October 24, 1945.

*McDonald King* for appellant. I. There is no constitutional prohibition against the incorporation in a municipal local law of the provisions of a general law by reference to said general law instead of by setting forth the provisions in full. (*Knapp* v. *City of Brooklyn*, 97 N. Y. 520; *Matter of Village of Sing Sing*, 98 N. Y. 454; *Curtin* v. *Barton*, 139 N. Y. 505; *Burke* v. *Kern*, 287 N. Y. 203; *People ex rel. Everson* v. *Lorillard*, 135 N. Y. 285; *People ex rel. Winfield* v. *Bruning*, 89 Hun 124; *Richfield Oil Corp.* v. *City of Syracuse*, 287 N. Y. 234.) II. The proposed local law, in form and phraseology complies with the intent and with all the mandatory provisions of section 19-a of the City Home Rule Law. (*Matter of Steinberg* v. *Meisser*, 291 N. Y. 685; *Loening* v. *Seaman*, 290 N. Y. 527.)

*Richmond D. Moot* for respondent. The proposed local law does not comply with the mandatory provision of section 19-a that a local law amending the charter, however extensively, "*shall* set forth the new matter to be added to the charter either in italics or underlined and the matter to be deleted therefrom either in brackets or with lines drawn through it," and is illegal and void.

*Arlen T. St. Louis, Corporation Counsel,* for City Clerk of City of Schenectady. The proposed local law does not conform to the requirements of section 19-a of the City Home Rule Law.

*Per Curiam.* We agree with the Appellate Division that if the provisions of the Second Class Cities Law were to be adopted as a city charter, such provisions were required by the statute

to be designated specifically in the proposed local law. We pass upon no other question.

The order should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Order affirmed.