In the Matter of JOHN F. NOONAN, Appellant, against THOMAS P. O'LEARY, as City Clerk of the City of Rochester, Respondent.

Fourth Department, August 23, 1954.

---

* Also printed 283 App. Div. 1037.— [REP.

*Charles P. Maloney* for appellant.

*Honora A. Miller, Corporation Counsel (James H. Boomer* of counsel), for respondent.

*Per Curiam.* This is an article 78 proceeding in the nature of mandamus to compel respondent, city clerk of the City of Rochester, to accept and act upon a petition for submission to the electors of that city of a proposed local law amending the city charter pursuant to section 19-a of the City Home Rule Law. Petitioner is a resident and qualified elector of the City of Rochester. The proposed amendment, among other things, would abolish the present city manager form of government and replace it with a mayoral form of government. It is proposed that the Mayor and vice-mayor be popularly elected and paid annual salaries of $15,000 and $2,500 respectively. The mayor is to be vested with broad fiscal and executive authority.

Respondent refused to accept and act upon the petition partly because of its alleged failure to comply with chapter 721 of the Laws of 1951, which amended the City Home Rule Law (§ 19-a) by adding the following paragraph: " No such proposed local law requiring the expenditure of money shall be accepted by the city clerk or be adopted or become effective unless there shall be submitted as a part of such proposed local law, a plan to provide moneys and revenues sufficient to meet such proposed expenditures." The proposed local law contained in the petition in this case does not embody " a plan to provide moneys and revenues sufficient to meet such proposed expenditures." (*Matter of Hardwick* v. *Kramer,* 200 Misc. 207, affd. 278 App. Div. 1040, affd. 303 N. Y. 605.) No source of funds is indicated, and no elector voting on the proposal could possibly know what additional taxes he might be called upon to meet in case of its adoption.

Petitioner contends that the proposed amendment does not actually require " the expenditure of money " because the increase in the salaries of the Mayor and vice-mayor would be more than offset by elimination of the salaries of the present city manager and his deputy. The short answer to such contention is that section 19-a of the City Home Rule Law makes it mandatory that the proposed law contain a plan for the raising of sufficient revenues to meet any proposed expenditures contained in the proposed local law. Neither the city clerk nor the court should be permitted to speculate as to which form of city government will be most economical at sometime in the future.

Another and possibly more serious question has been raised as to the granting of an order of mandamus. It is well established that this unusual and drastic remedy is only granted where there is a clear legal right and is not granted in cases where its effect would be to compel performance of some illegal or meaningless act. (*Matter of Lynch* v. *O'Leary,* 166 Misc. 567.)

The language of the proposed local law is most ambiguous and poses an insurmountable prohibition against the granting of mandamus. For instance, by its terms it purports to abolish the common council by repealing article III of the local law of 1925 (Local Laws, 1925, No. 4 of City of Rochester) which contains the fundamental charter provisions of the City of Rochester in relation to the government and management of said city. (Cf. *Matter of Grenfell* [*Lawyer*], 185 Misc. 558, affd. 269 App. Div. 600, affd. 294 N. Y. 610.)

It follows that respondent is not required to accept or act upon the petition, and the order should be affirmed. Various other objections are raised to the petition in form and substance, but, in view of our decision herein, it is unnecessary to consider or pass upon them.

The order should be affirmed.

All concur, PIPER, J., on the ground last stated in the opinion.

Present — VAUGHAN, J. P., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Order affirmed, without costs of this appeal to either party.