Mario Pittoni, J.
The petitioner applies for an order, pursuant to article 78 of the Civil Practice Act, directing the city clerk of the City of Glen Cove to publish a certain ordinance passed by a three to two vote on August 16, 1957, by the City Council and affecting B-3 Zoning in Glen Cove.
This proceeding is in the nature of a mandamus as it seeks to “ compel performance of a duty specifically enjoined by law.” Such a proceeding may be maintained “ after the respondent’s refusal, upon the demand of the petitioner or the person whom he represents, to perform his duty, as the case may be ”. (Civ. Prac. Act, § 1286; see, also, 22 Carmody-Wait on New York Practice, p. 378.) The petitioner does not allege that any demand was made upon the city clerk to publish the ordinance in accordance with section 101 of the city charter (L. 1917, ch. 787, as amd.). It merely alleges that the “ City Attorney has instructed the City Clerk of the City of Glen Cove not to publish the said Ordinance and thereby the said City Attorney and the City Clerk by following his instructions, have and are thwarting the actions of the City Council ”.
Accordingly, the petition is defective in not alleging a demand and a refusal by the city clerk to publish the ordinance.
*248 _ Be that as it may, and asuming arguendo that this jurisdictional point could be waived or ignored, there is another point which precludes a mandamus in this case. The ordinance was passed August 16, 1957; and the notice of motion was dated August 28, 1957 and returnable September 3, 1957. The ordinance was passed by a three to two vote although a petition of protest filed by property owners under section 83 of the General City Law appeared to have the necessary 20% signatures. In that case a four to one vote would be necessary to make the ordinance valid. (See Rabasco v. Town of Greenburgh, 285 App. Div. 895, affd. 309 N. Y. 735.)
Section 83 of the General City Law states in part as follows: ‘ ‘ If, however, a protest against a proposed amendment * * * or change be presented, duly signed and acknowledged by the owners of twenty per centum or more of the area of the land included in such proposed change, or by the owners, of twenty per centum or more of the area of the land immediately adjacent extending one hundred feet therefrom * * * such amendment shall not be passed except by a three-fourths vote of the council.” (Italics supplied.)
The petitioner points to no law requiring the city clerk to publish the ordinance within a specified time or “ forthwith” as some statutes provide. Therefore, by the delay from August 16 to August 28, during which time an opinion was to be rendered by the city attorney as to the sufficiency of the petition of protest, it does not appear that the city clerk violated any command by law to publish the ordinance. Section 101 of the city charter, referred to in the petition, does not require immediate publication; nor does it specify the time in which publication shall be commenced. It appears from the return that when the ordinance was passed the Mayor said: ‘ ‘ This ordinance is also presented with the understanding that the vote is subject to the opinion of the City Attorney as to whether or not a majority or a % vote is needed to pass this ordinance, in view of the presentation of a petition purporting to be signed by at least 20% of the property owners affected.” (City Council minutes, Aug. 16, 1957, p. 4.)
Absent a positive command by some law it cannot be said that the city clerk was violating any law in merely waiting for an opinion from the city attorney, as ordered by the City Council. The ordinance might be held invalid; and an order of mandamus should not be issued to compel the city clerk to publish an invalid law (Matter of Noonan v. O’Leary, 206 Misc. 175, affd. 284 App. Div. 646).
*249 An unreasonable delay by the city attorney in rendering an opinion, coupled with a demand upon the city clerk to publish the ordinance, will lay the groundwork for a valid petition pursuant to article 78 of the Civil Practice Act.
The petition is dismissed with leave to renew.
Settle order on notice.