James H. Boomer, J.
In 1967 the apportionment of the legislative body of the County of Seneca was found to violate the constitutional requirement of “ one person, one vote ” {Reynolds v. Sims, 377 U. S. 533) and the Supreme Court, Seneca County, approved a permanent plan of weighted voting for that county. This plan, formulated by computer analysis, provided for one representative for each of the 10 towns in the county, with each representative having such a number of votes that his voting power approximated the percentage of the population of the county represented by him.
The plaintiff brings this proceeding for a declaration that the present plan is unconstitutional in view of the change in population of the county and the various towns as reflected by the 1970 census. The defendants contend that the change of population is not significant enough to create any substantial disparity between the voting power of any legislator and the percentage of population of the county represented by him so as to require a further reapportionment.
The census figures show that between 1960 and 1970 the population of the county has increased from 31,984 to 35,083, a percentage increase of 9.7%. The percentage increase in population for each of the towns ranges from 0.3% for the Town of Ovid to 22.1% for the Town of Romulus. The population of the Town of Ovid increased from 3,097 in 1960 to 3,107 in 1970, while the population of the Town of Romulus increased from 3,509 to 4,284.
In passing upon the constitutionality of legislative apportionment, the court must, ‘ ‘ in light of the particular circumstances of [the] case, determined whether the county has made a good faith effort to achieve equality of representation and whether there is sufficient justification for any variance from absolute equality.” (Abate v. Mundt, 25 N Y 2d 309, 315, affd. 403 U. S. 182.) Whether or not the present plan, in view of the population change shown by the 1970 census, meets this standard, cannot be determined from the pleadings in this case; it can only be determined after hearing ‘‘ the opinions of experts based upon computer analyses.” (Iannucci v. Board of Supervisors of County of Washington, 20 N Y 2d 244, 253.) Weighted voting plans “ are of doubtful constitutional validity ” and it is, therefore, incumbent upon legislative bodies adopting such plans to provide the requisite proof that the plans are not defective *1098 (Iannucci v. Board of Supervisors of County of Washington, 20 N Y 2d 244, 253, supra). It is not unreasonable, therefore, to require those legislative bodies to rejustify such plans and to reapportion by changing the weight of the vote of each legislator to accord with any change in population shown, at least, by any decennial Federal census made after the original adoption of the plan. Accordingly, the court directs that a hearing he held before this court to decide the questions of fact in this matter, on January 17, 1972 or on such other date as may be approved by the court upon application of either of the parties.
The defendant argues that this action is premature since a committee of the Board of Supervisors of the county is presently studying the question of reapportionment. Should the hoard adopt a new plan of reapportionment prior to the hearing of this matter such plan may be .submitted to this court for approval at the time of the hearing.
Since there is an indication that the board will reapportion in accordance with the 1970 Federal Census, one contention of the plaintiff should be commented upon. Under the present plan only 2 legislators, the -Supervisor of the Town of 'Seneca Falls and the Supervisor of the Town of Waterloo, together, possess more than 50% of the voting power of the entire board and, therefore, these two representatives, voting together, can control the board, thus disenfranchising the representatives, of the other 8 towns. Plaintiff contends that this renders the present plan unconstitutional and he requests that the court not approve any plan of weighted voting unless additional legislators are added to represent the constituents- of the two largest towns of Seneca Falls and Waterloo.
Obviously, if more than 50% of the voting power were vested in any one legislator the plan would be unconstitutional, for “ a particular weighted voting plan would be invalid if 60% of the population were represented by a single legislator who was entitled to east 60% of the votes. Although his vote would apparently he weighted only in proportion to the population he represented, he would actually possess. 100 % of the voting power wherever a simple majority was all that was necessary to enact legislation.” (Iannucci v. Board of Supervisors of County of Washington, 20 N Y 2d 244, 252, supra). The same is not necessarily true, however, where more than 50% of the voting power is vested in two legislators, for “A legislator’s voting power, measured by the mathematical possibility of his casting a decisive vote, must approximate the power he would have in a legislative body which did not employ weighted voting. * * * *1099 (T)he sole criterion is the mathematical voting power which each legislator possesses in theory — i.e., the indicia of representation — and not the actual voting power he possesses- in fact— i.e., the indicia of influence.” (Iannucci v. Board of Supervisors of Coumty of Washington, 20 N Y 2d 244, 252, supra.) It would seem, therefore, that regardless of the possibility or even probability that the supervisors of the two largest towns might combine and act as one, the present plan would not thereby be unconstitutional for there is a possibility that they may not so combine and therefore, it would be “ mathematically possible for every member of the legislative body to cast .the decisive vote on legislation ”, (Iammucci v. Board of Supervisors of County of Washington, 20 N Y 2d 244, 252, supra.)
Nevertheless, the present plan, which places a majority of the voting power in the hands of only two legislators, may be unconstitutional if it can be shown that “ designedly or otherwise * * * [the plan] would operate to minimize or cancel out the voting strength of racial or political elements of the voting population.” (Burns v. Richardson, 284 U. S. 73, 88, quoted in Abate v. Mundt, 25 N Y 2d 309, 317, supra.) It appears here that the two populous towns of Seneca Falls and Waterloo are contiguous and are predominantly urban in character, whereas the eight other towns in the county are predominantly rural in character. From the pleadings in this action, however, the court cannot determine whether the present plan operates to minimize or cancel out the voting strength of political elements of the voting population. The burden of proof on this question is upon the plaintiff. On the hearing, the court will consider any proof bearing upon this issue and will decide whether or not each of the two towns of Seneca Falls and Waterloo may be represented by only one legislator. This issue may, however, become moot should the Board of Supervisors adopt a plan providing for additional representatives for these two towns.