■ In the Matter of JOHN J. LA CAGNINA, JR., et al., Appellants, v CITY OF SCHENECTADY et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered May 28, 1979 in Schenectady County, which denied plaintiffs' motion for a preliminary injunction and dismissed their complaint. At a general election held on November 7, 1978, the citizens of the City of Schenectady narrowly approved a local law which changed the city's form of government from a limited council with an appointed city manager (hereinafter referred to as "weak mayor") to a limited council with an elected Mayor with executive powers (hereinafter referred to as "strong mayor"). Apparently dissatisfied with this result, the city council attempted to again place the "strong mayor" issue before the electorate at a special election to be held on June 5, 1979. The city council accomplished this by adopting a local law, subject to a mandatory referendum, which repealed the earlier local law creating the "strong mayor" form of government. Plaintiffs, who are taxpayers of the City of Schenectady, moved by way of an order to show cause for a preliminary injunction enjoining defendants from conducting the special election. Special Term denied the motion and dismissed the complaint, and this appeal ensued. Plaintiffs' first argument on this appeal is that the city council's attempt to repeal the local law approved by the electorate at the 1978 general election is without effect since the repeal of a local law must be accomplished in the same manner in which it was enacted. Regardless of how appealing this argument may be, a review of the applicable statutory authority leads us to conclude that the city council's course of action was proper. A city council has the power to adopt, amend or repeal local laws (Municipal Home Rule Law, § 10), with the restriction that certain local laws are subject to a mandatory referendum (Municipal Home Rule Law, § 23, subd 2). Furthermore, section 23 of the Municipal Home Rule Law expressly provides that a local law subject to a mandatory referendum may be submitted for voter approval at *either* a general or special election. Plaintiffs' second contention is that the proposed repeal of the local law establishing the "strong mayor"

form of government is invalid since it does not reinstitute the "weak mayor" form of government. This argument seeks to rely on the rule of statutory construction that the repeal of a law, which had repealed a provision of an earlier law, does not revive the prior provision (McKinney's Cons Laws of NY, Book 1, Statutes, § 378). The fatal flaw in this argument is that the "strong mayor" law did not repeal any provisions in the city charter, but merely amended the existing "Plan C" form of government under which the City of Schenectady had been operating.* Thus, the repeal of the "strong mayor" law would not, as plaintiffs contend, leave the city without any governmental structure. It would only remove those deletions and additions effected by the "strong mayor" law and return the form of government to what it was prior to the November, 1978 election. As a third argument, plaintiffs claim that the form in which the proposed local law will be submitted to the voters on June 5, 1979 is defective due to its failure to set out, in text form, the proposed changes to the Plan C form of government. The proposed local law merely sets forth the title of the "strong mayor" law and states that it is repealed. We do not agree with plaintiffs' position that section 4-108 of the Election Law requires that the full text of the law sought to be repealed be set forth. Section 1-102 of the Election Law provides that the Election Law does not apply when it is inconsistent with another law, and subdivision 1 of section 22 of the Municipal Home Rule Law specifically states that a local law changing or superseding a prior local law need not contain the full text of the prior local law. Nor do we agree with plaintiffs' contention that *Matter of Grenfell (Lawyer)* (185 Misc 558, affd 269 App Div 600, affd 294 NY 610) requires that the text of the "strong mayor" law be set out in its entirety. *Grenfell* involved a situation wherein the proposed repeal of a local law would have reinstituted a form of government which had been abandoned a decade before. The court there found that, under the circumstances, the electorate could not understand what they were voting for. In the present case, the "strong mayor" law was presented to the voters less than seven months ago and, although the law became effective immediately upon adoption, the City of Schenectady is currently functioning under the "weak mayor" form of government since the "strong mayor" form of government will not become operative until January 1, 1980. Thus, it cannot reasonably be argued that the electorate will be unable to make an informed choice due to the manner in which the proposed local law will appear on the ballot. Plaintiffs' final argument concerns the validity of a "mini-election law" passed by the city council to govern the conduct of the upcoming special election. Passage of this local law, which did not require submission to the electorate, was necessary because the State Legislature had amended the Election Law in 1978 so as to exclude from its coverage special elections limited to referendum issues (L 1978, ch 374, § 1). Plaintiffs contend that this action by the State Legislature was meant to abolish all special elections within the State except for those called by the Governor, and argue that the continuing reference to special elections in section 23 of the Municipal Home Rule Law was a legislative oversight. Plaintiffs cite no authority for this position. Rather than presume that the Legislature erred, it appears far more reasonable for us to adopt

---

* The "strong mayor" law specifically stated that it was an amendment of Plan C. The only change in the text of Plan C was that an "elected mayor with executive powers" was substituted for "city manager", that the Mayor was given executive and veto powers, that an additional councilman would be added and that one of the councilmen would be designated "president of the common council".

the defendants' view that the Legislature's action in 1978 was intended to give cities more flexibility by allowing them to provide their own rules for special elections, as was done by the City of Schenectady in this case. We have examined the remaining arguments raised by plaintiffs and find them to be without merit. Accordingly, the judgment of Special Term should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.