■ GLORIA ENGLISH et al., Appellants, v SANDRA LEFEVER et al., Respondents. (Action No. 1.) HOWARD F. BROOKS et al., Respondents-Appellants, v SANDRA LEFEVER et al., Appellants-Respondents. (Action No. 2.) — Motion by plaintiffs in the first action to resettle an order of this court, dated December 13, 1982 (91 AD2d 622), which, *inter alia,* directed the Rockland County Legislature and the board of elections to submit a new plan of reapportion to the Supreme Court, Rockland County, with all deliberate speed, so as to delete therefrom all references to the board of elections. Motion granted, the decision and order of this court both dated December 13, 1982 are recalled and vacated, and the following decision is substituted therefor: In consolidated actions for a judgment declaring that the Legislature of the County of Rockland is unconstitutionally apportioned, the appeals are (1) by plaintiffs in the first action from an order and judgment (one paper) of the Supreme Court, Rockland County (Kelly, J.), dated August 7, 1981, which, *inter alia,* in declaring the 18-member and proposed 20-member legislatures unconstitutional, rejected plaintiffs' contention that the addition of the two extra legislators required at least a permissive referendum, (2) by defendants from so much of a judgment of the same court, entered June 14, 1982, as declared a proportional weighted voting plan for the 20-member county legislature unconstitutional as a permanent plan of reapportionment and directed the county to provide a new plan, within 45 days, for the court's approval, and (3) by plaintiffs in the second action from so much of the same judgment as denied their application for the designation of an additional legislator as a representative from the Town of Haverstraw. Appeal from the order and judgment dated August 7, 1981, dismissed as moot, without costs or disbursements. Judgment entered June 14, 1982, modified by deleting therefrom the second decretal paragraph thereof and substituting therefor a provision directing that the new plan for reapportionment be submitted to the Supreme Court, Rockland County, by the Rockland County Legislature with all deliberate speed. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The contention of plaintiffs in the first action, that the size of the legislature was improperly increased without a referendum, need not be addressed. On November 5, 1981, after a public hearing, the county legislature adopted a proposed local law providing for a 20-member weighted voting plan subject to a permissive referendum. On December 15, 1981 the local law was amended by the county legislature to provide for a mandatory referendum. That referendum was stayed by the judgment entered June 14, 1982, which we today affirm in all

material respects. Moreover, although plaintiffs in the first action claim to be dissatisfied with the form of interim government provided for in Justice Kelly's order dated December 28, 1981, and continued as an interim plan in the judgment entered June 14, 1982, they did not appeal from either the said order or judgment. With respect to defendants' appeal from that portion of the judgment which declared the proportional weighted voting scheme unconstitutional, we reject their challenge because we conclude that they failed to sustain their burden of proof on the issue. The proponent of any weighted voting scheme has the burden of proving by computer analysis that the plan is not defective (see *Iannucci v Board of Supervisors of County of Washington,* 20 NY2d 244; *Van Nostrand v Board of Supervisors of County of Seneca,* 67 Misc 2d 1096). At bar, the defendants have done little more than reject the study of their own expert by disputing the accuracy of the study's conclusion that there exists a 37.15% discrepancy between the legislators' voting power and the percentage of the population represented by each. Moreover, unlike the proponents of the Nassau County Plan in *Franklin v Krause* (32 NY2d 234, app dsmd 415 US 904), the defendants here have failed to establish that their plan has no practical alternatives. Absent such proof, the 37.15% discrepancy was properly held to be grossly excessive. Accordingly, the declaration of unconstitutionality is affirmed and the Rockland County Legislature is directed to submit a new plan to the Supreme Court, Rockland County, with all deliberate speed. We have considered the parties' other contentions and find them to be without merit. Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.