■ In the Matter of ELAINE A. LEIRER et al., Respondents, v MARTIN B. ASHARE et al., Respondents, and GREGORY BLASS et al., Appellants.—In an action, inter alia, for a judgment declaring that an initiative measure to amend the Suffolk County Charter which was filed by the petitioners-plaintiffs is valid, and a proceeding pursuant to CPLR article 78 to review the determination of the Suffolk County Attorney dated April 14, 1987, which rejected as illegal and improper the initiative measure, Gregory Blass and George Wolf appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Saladino, J.), dated May 21, 1987, which, inter alia, (1) annulled the determination of the Suffolk County Attorney; (2) declared the initiative measure to be legal for the purposes of a Charter amendment and proper as to form; (3) directed the County Attorney to issue an official statement approving the initiative measure; and (4) ordered

that all applicable time periods for further steps in the initiative procedure shall run from the date of the original filing of the initiative measure.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Supreme Court that the determination of the Suffolk County Attorney rejecting the instant initiative measure was arbitrary and capricious. The fact that the enactment of the initiative measure would create inconsistencies with certain provisions of the Suffolk County Administrative Code concerning the operation of the County Legislature is not a valid basis for rejection. Neither the Municipal Home Rule Law nor the Suffolk County Charter mandates that proposed amendments to the Suffolk County Charter encompass corollary amendments to the Suffolk County Administrative Code. If, in fact, irreconcilable conflicts arise between the amended Suffolk County Charter and various provisions of the Suffolk County Administrative Code, the latter may be amended to conform to the Suffolk County Charter.

The second basis for the County Attorney's rejection of the initiative measure, the fact that it misstated the applicable time period after which inaction by the County Attorney would be deemed approval thereof as 15 days instead of 30 days as provided by Municipal Home Rule Law § 21, is similarly not a proper basis for rejection. The error can either be corrected or the invalid clause severed.

The initiative measure sufficiently sets forth information upon which voters can act intelligently *(see, Matter of Grenfell,* 269 App Div 600, *affd* 294 NY 610). Absent any legally significant objections, the voters have the right to vote on a validly submitted proposition *(see, Matter of Monplaisir v Katz,* 18 NY2d 813). Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.