In the Matter of PASQUALE J. CURCIO et al., Respondents, v E. THOMAS BOYLE et al., Appellants, et al., Respondents.

Second Department, June 7, 1989

APPEARANCES OF COUNSEL

*Bower & Gardner (John J. Bower, Stanley Fink* and *Barry G. Saretsky* of counsel), for appellants.

*Schapiro & Reich (Perry S. Reich* and *Steven Schapiro* of counsel), for Pasquale J. Curcio and another, and *Bracken & Margolin (Martin Bradley Ashare* of counsel), for David J. Wilmott, respondents. (One brief filed.)

*Pelletreau & Pelletreau (Brian McCaffrey* of counsel), for Harold J. Withers, respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioners Pasquale J. Curcio, John Andrew Kay and David J. Wilmott are the proponents of an initiative measure *(see,* Suffolk County Charter § C7-2) which would place a referendum on the ballot to amend the Suffolk County Charter by dissolving the current 18-member County Legislature, and replacing it with a 10-member Board of Supervisors. Under this proposal, the Board of Supervisors, consisting of the Supervisors of the 10 towns within the county, would vote on matters before it pursuant to a modified weighted voting plan which would assign votes to the various Supervisors in proportion to the sizes of their respective constituencies *(see, Franklin v Krause,* 32 NY2d 234).

Pursuant to the applicable provisions of Suffolk County Charter article VII, the petitioners obtained the signatures of more than 1,000 registered voters countywide and submitted the text of the proposed initiative measure to the appellant Elisabeth Taibbi, Clerk of the Suffolk County Legislature. Clerk Taibbi then forwarded the proposed initiative measure to the appellant E. Thomas Boyle, County Attorney of Suffolk County, for his review. County Attorney Boyle ultimately rejected the proposed initiative measure as constituting "an illegal Charter amendment as to substance as well as form" *(see,* Suffolk County Charter § C7-3 [B]). Thereafter, the peti-

tioners commenced the instant proceeding challenging County Attorney Boyle's determination.

Contrary to the findings of the Supreme Court (142 Misc 2d 1030), we find that County Attorney Boyle correctly rejected the petitioners' proposed initiative measure. As proponents of a weighted voting plan, the petitioners bear the burden of proving that their proposal will comport with the "one person one vote" requirement imposed by the Equal Protection Clause of the Fourteenth Amendment *(see, e.g., Reynolds v Simms,* 377 US 533, *rearg denied* 379 US 870). To meet this burden, it is incumbent upon the proponents of any weighted voting proposal to proffer computerized mathematical analyses of the proposed specific weighted voting plan which will enable the court to reach a considered judgment that the proposal to be implemented will comply with "one person one vote" principles *(Iannucci v Board of Supervisors,* 20 NY2d 244; *English v Lefever,* 94 AD2d 755; *Van Nostrand v Board of Supervisors,* 67 Misc 2d 1096; *see generally,* Johnson, *An Analysis of Weighted Voting as Used in Reapportionment of County Governments in New York State,* 34 Alb L Rev 1, 16-18). In the proceeding at bar, the petitioners totally failed to meet this burden and thus their proposal was properly rejected. We also agree with the County Attorney's rejection of the proposal on the ground of vagueness. Before considering such a sweeping change in the form of their local government, "[t]he voters are entitled to know precisely the extent and nature of the proposed changes submitted" *(Matter of Grenfell [Lawyer],* 269 App Div 600, 603, *affd* 294 NY 610). The voters of Suffolk County have no way of ascertaining from the text of the proposed initiative measure precisely how their representation will be affected should this proposal become law. Just as the proponents of a weighted voting plan must present the specific mathematical analyses of their proposal for the court to reach a "considered judgment" *(Iannucci v Board of Supervisors,* 20 NY2d 244, 254, *supra),* so too, the voters must be presented with enough of the specifics on the face of the proposal so that they may know exactly what they are being asked to approve or reject. The instant proposal, with its blanket references *(see, Matter of Grenfell [Lawyer],* 269 App Div 600, 603, *supra)* to "the modified weighted voting standards enunciated and approved by the Court of Appeals in *Iannucci v Board of Supervisors,* 20 NY2d 244 * * * and in *Franklin v Krause,* 32 NY2d 234" does not adequately apprise the voters from any of the towns within Suffolk County of precisely how many votes each of their respective Supervisors

would cast. Thus, the voters would have no way of knowing how their representation would vary from the present legislative scheme, or from that of their county neighbors under the proposed weighted voting plan. Clearly, such information must be available to the voters. However, under the petitioners' proposal the actual mechanics of the plan would not be settled until after its enactment. Thus, the paucity of information in the petitioners' proposal requires its rejection.

In light of the foregoing we need not reach the parties' remaining contentions. We note, however, that our determination of this appeal is not inconsistent with our prior determination in *Matter of Leirer v Ashare* (132 AD2d 700), as that case did not present the same issues as are raised on this appeal. Indeed, in that case an allegedly identical initiative measure was approved by this court as setting forth sufficient information upon which the voters could intelligently act. That case involved only two relatively minor technical objections to the measure. In contrast, this appeal involves numerous challenges to the measure on grounds not contemplated in *Matter of Leirer v Ashare (supra)*. We bear in mind that " 'opinions must be read in the setting of the particular cases and as the product of preoccupation with their special facts' " *(Danann Realty Corp. v Harris,* 5 NY2d 317, 322, quoting from *Freeman v Hewit,* 329 US 249, 252). When read in light of this caveat, *Matter of Leirer v Ashare (supra)* does not control our determination of this appeal.

For the foregoing reasons the judgment should be reversed, the order and interlocutory judgment vacated, and the proceeding dismissed on the merits.

RUBIN, J. P., SULLIVAN, HARWOOD and BALLETTA, JJ., concur.

Ordered that the appeal from the order and interlocutory judgment (one paper) of the Supreme Court, Nassau County, dated April 18, 1989, is dismissed, as it was superseded by the judgment of the same court dated April 27, 1989, and because no appeal lies from an intermediate order or from an interlocutory judgment in a proceeding pursuant to CPLR article 78; and it is further,

Ordered that the judgment is reversed, on the law, the order and interlocutory judgment is vacated, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellants are awarded one bill of costs payable by the petitioners.