■ In the Matter of SOBEIDA CRUZ et al., Respondents, v JOAN C. DEIERLEIN, Appellant, et al., Respondents. [618 NYS2d 377] —In a proceeding to compel the filing and placement of two propositions on the ballot in the General Election to be held on November 8, 1994, and to bar any other ballot propositions from appearing on the ballot, Joan C. Deierlein, as City Clerk of the City of Yonkers, appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Colabella, J.), dated October 3, 1994, as granted the petition.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the proceeding is dismissed.

We agree with the appellant that Municipal Home Rule Law § 36 (5) (a) imposes a mandatory requirement on a Charter Revision Commission appointed pursuant to that section to review the entire City Charter, to make a report to accompany its proposals, "in which it shall refer specifically" to the parts of the charter which it is leaving unchanged, and to explain its decision to leave such parts unchanged. Since the report of the petitioner Charter Revision Commission of the City of Yonkers failed to comply with this statutory mandate, the appellant was not obligated to accept the proposals for filing and transmission to the Westchester County Board of Elections for placement on the ballot *(see, Matter of Adams v Cuevas,* 68 NY2d 188; *Matter of Astwood v Cohen,* 291 NY 484; *Matter of Noonan v O'Leary,* 284 App Div 646; *Matter of Village of Massena v Lomenzo,* 58 Misc 2d 40; *Matter of Hardwick v Kramer,* 200 Misc 207, *affd* 278 App Div 1040, *affd* 303 NY 605).

We have considered the petitioners' remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Sullivan and Balletta, JJ., concur.