■ In the Matter of WILLIAM J. WOOD, Individually and as Chair of the Cortland County Democratic Committee, Appellant, v COUNTY OF CORTLAND et al., Respondents. [899 NYS2d 450]—

---

Spain, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered February 18, 2009 in Cortland County, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Cortland County Legislature appointing Thomas Brown to the office of Cortland County Democratic Election Commissioner for a two-year term commencing January 1, 2009.

Petitioner held the office of Cortland County Democratic Election Commissioner for the term of January 1, 2007 through December 31, 2008. As his term was coming to a close, petitioner sought reappointment. Election commissioners are appointed by the county legislative body on the recommendation of the party county committee of each major political party (*see* Election Law § 3-204 [1], [2], [4]). Accordingly, in June 2008, the Cortland County Democratic Committee (hereinafter CCDC) submitted to respondent Cortland County Legislature the proper certificate recommending petitioner for the upcoming two-year term beginning January 1, 2009. The Legislature failed to act on the recommendation within the 30 days provided by statute, giving the members of the Legislature who are from the party that submitted the certificate (here the Democratic caucus) 30 additional days to appoint the nominee (*see* Election Law § 3-204 [4]). When the Democratic caucus failed to act within the additional 30 days,[1] the CCDC filed a second certificate recommending Mary Leonard for appointment (*see* Election Law § 3-204 [4]). Again, the relevant statutory period elapsed without any action on this recommendation by either the Legislature or the Democratic caucus and, on December 8,

1. Despite the fact that the full Legislature and the Democratic caucus appeared deadlocked about their decision as to whether to reappoint petitioner, and because a tallying of the Democratic caucus members' votes using weighted voting would have resulted in his reappointment, petitioner presumed reappointment and proceeded to take the oath of office for the period commencing on January 1, 2009. The Legislature thereafter passed a resolution declaring petitioner's appointment a nullity. Petitioner commenced an action seeking to have the Legislature's resolution annulled, but Supreme Court held that petitioner had not been validly appointed. No appeal was perfected with respect to that decision.

2008, the CCDC submitted a certificate again recommending petitioner, but the Legislature rejected this as an improper submission. Having no further recommendations before it, on December 11, 2008 the Democratic caucus, in a resolution that was separately adopted by the Legislature, chose Thomas Brown to the position beginning on January 1, 2009.

At that time, the Legislature also resolved to immediately remove petitioner from office because he was allegedly in violation of Cortland County ethics rules. Petitioner then commenced this proceeding to have his removal from office, as well as Brown's appointment, annulled. In a well-reasoned decision, Supreme Court granted petitioner's application to the extent that he sought annulment of his removal from office for ethics violations but, finding that the Legislature had authority to appoint an Election Commissioner where, as here, the procedural mechanism for appointment established by Election Law § 3-204 was followed to completion but did not result in an appointment, it rejected petitioner's challenge to Brown's appointment. On petitioner's appeal, we now affirm.

We fully concur with Supreme Court's conclusion that, after neither person recommended by the CCDC was appointed by the process specified in Election Law § 3-204 (4), "the Legislature was required to fulfill its constitutionally based duty to appoint an Election Commissioner, which it did [by appointing Thomas Brown] on December 11, 2008" (*see Ryan v Albany County Democratic Comm.*, 68 AD2d 1014, 1015 [1979], *mod* 47 NY2d 963 [1979]). Further, we need not address petitioner's contention that a third certificate of recommendation is authorized by Election Law § 3-204 (4) because the third certificate filed here, in December 2008, was not filed within 90 days of the filing of the previous certificate (naming Leonard and filed on August 29, 2008) and, thus, was untimely.[2] In any event, the third certificate—again naming petitioner—was defective in that it did not name a person "different" from "the persons named in . . . the certificates [previously] filed" by the CCDC (Election Law § 3-204 [4]). Accordingly, the December 8, 2008 certificate was not valid and the Legislature was free to appoint any eligible person (*see* Election Law § 3-204 [4]; *see also Matter of Thomas v Wells*, 288 NY 155, 157 [1942]; *Ryan v Albany County Democratic Comm.*, 68 AD2d at 1015).

---

**2.** To the extent that petitioner contends that the December 8, 2008 filing was a valid, initial filing, we disagree. The filing occurred *before* any events—Supreme Court declaring petitioner's appointment a nullity (December 17, 2008) and the Legislature prematurely ousting petitioner from office (December 10, 2008)—that may have allowed a fresh filing process to begin (*see* Election Law § 3-204 [1]).

Cardona, P.J., Mercure and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 23 Misc 3d 913.]**