OPINION OF THE COURT
Robert J. Muller, J.
Petitioner Susan R. Castine is the Democratic Commissioner of the Board of Elections for respondent Clinton County. She is also a presiding town justice in the Town of Beekmantown, Clinton County, with her term of office set to expire on December 31, 2014. On July 11, 2014, designating petitions were filed with the Board of Elections naming petitioner as candidate for Town Justice of Beekmantown for the Democratic, Independence, Conservative and Working Families parties. These designations were then accepted by petitioner on July 14, 2014. On July 22, 2014, the Beekmantown Democratic Committee held its caucus and nominated petitioner for the office of town justice. Thereafter, on July 24, 2014, respondent Michael Zurlo, the Administrator of Clinton County, sent correspondence to petitioner advising as follows:
“Pursuant to Clinton County Local Law [No. ]1 of the Year 2000, ‘Any person who shall become a candidate for elective office shall become disqualified during the period of his or her candidacy from appointment or continued employment [with] the Board of Elections.’
“Further, Local Law [No. ]1 of the Year 2000 provides ‘[t]he period of candidacy shall commence with the filing with the Board of Elections of a nominating or designating petition in furtherance of his or her candidacy unless he or she shall promptly file with the Board a written declination of candidacy.’
“The Clinton County Legislature continues to support the enforcement of Local Law [No. ]1 of the Year 2000, and therefore this letter shall serve as notice of your disqualification from employment with the Board of Elections resulting in your *997 termination as an employee of the Clinton County Board of Elections, effective July 15, 2014 through the November 4, 2014 election.”
In response, petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, contending that Local Law No. 1 (2000) of the County of Clinton violates NY Constitution, article IX, § 2 (c) (i) and Municipal Home Rule Law § 10 (1) (i), both of which provide that every local government may adopt laws relating to “property, affairs or government” as long as these laws do not conflict with the Constitution or any general law of this state. To that end, petitioner contends that Local Law No. 1 conflicts with Election Law § 3-200 (4), (6) and (7). Election Law § 3-200 (4) provides, in pertinent part, that “[n]o person shall be appointed as election commissioner or continue to hold office . . . who holds any other public office, except that of . . . town justice.” Election Law § 3-200 (6) then provides that “[a]n election commissioner shall not be a candidate for any elective office which he would not be entitled to hold under the provisions of this article, unless he has ceased by resignation or otherwise, to be commissioner prior to his nomination or designation therefor.” Finally, Election Law § 3-200 (7) provides that “[a]n election commissioner may be removed from office by the governor for cause in the same manner as a sheriff.” Therefore, when read together, Election Law § 3-200 (4) and (6) permit an election commissioner to run for town justice, while Election Law § 3-200 (7) provides that an election commissioner may be removed by the governor for cause.
Presently before the court is respondents’ pre-answer motion to dismiss the combined proceeding and action in its entirety. Respondents contend that Local Law No. 1 should be applied notwithstanding any conflict with Election Law § 3-200 (4), (6) and (7). In this regard, respondents rely upon Election Law § 1-102, which provides as follows: “Where a specific provision of law exists in any other law which is inconsistent with the provisions of this chapter, such provision shall apply unless a provision of this chapter specifies that such provision of this chapter shall apply notwithstanding any other provision of law.”
In support of this contention, respondents note that petitioner commenced a nearly identical action in the United States District Court in 2010 when she was previously removed from her position as Election Commissioner under Local Law No. 1, again because she was running for Town Justice of Beekmantown. In that action, the District Court found as follows:
*998 “Deference to the plain, unambiguous language of Election Law section 1-102 is appropriate. It must be presumed that the State Legislature meant what they wrote, and the provision must be applied to permit the Clinton County Legislature to enact local laws, such as Local Law No. 1, which conflict with the Election Law. Accordingly, Local Law No. 1 is not impermissibly inconsistent with Election Law section 3-200(4) and (6) and does not violate section 2(c) of Article IX of the New York Constitution nor section 10 of the New York Municipal Home Rule Law. Moreover, the Clinton County Legislature had the power to disqualify Castine as Election Commissioner during the period of her candidacy for Town Justice because Election Law section 3-200(7) is not the sole means for removal of an Election Commissioner” (Castine v Zurlo, 938 F Supp 2d 302, 313 [ND NY 2013]).
With that said, this determination was subsequently vacated by the United States Court of Appeals and remanded to the District Court for further consideration. Specifically, the Court of Appeals stated as follows:
“As to the second claim on appeal—seeking a declaratory ruling that Local Law No. 1 was invalid as a matter of law—the statute was not being enforced against Castine when the [District [C]ourt rendered judgment (about two-and-a-half years after her reinstatement to the Board of Elections). This timing raises [a] substantial question whether that claim was (and/or is) moot. We therefore vacate the judgment and remand to the [District [C]ourt to consider the question of mootness in the first instance. Alternatively, on remand, the [D]istrict [C]ourt should consider whether, simply as a matter of discretion, it would be preferable to decline to exercise supplemental jurisdiction over this novel, complex matter involving the interplay between state and local law, and dismiss the claim without prejudice, allowing Castine to bring the claim in the courts of New York. Such a ruling would obviate the need to consider the question of mootness” (Castine v Zurlo, 756 F3d 171, 178 [2d Cir 2014] [citation omitted]).
Upon remand, the District Court declined to exercise supplemental jurisdiction and dismissed the claim without prejudice *999 (see Castine v Zurlo, US Dist Ct, ND NY, 8:10-CV-879, Hurd, J., 2014). Therefore, while its earlier decision may be considered as persuasive authority, it is not entitled to res judicata effect (see Ziegler v Serrano, 74 AD3d 1610, 1611 [2010], lv denied 15 NY3d 714 [2010]).
In opposition to the motion, petitioner contends that the language of Election Law § 1-102 is ambiguous. Specifically, petitioner contends that it is unclear whether “any other law” refers to any other state law or any other law whatsoever, including local law. Petitioner further contends that, if Election Law § 1-102 is interpreted to include any other law whatsoever—the interpretation advanced by respondents—then the statute would result in absurdity with municipalities able to virtually rewrite the Election Law. In this regard, petitioner notes that only 12 provisions of the Election Law include the “notwithstanding any other provision of law” language highlighted in Election Law § 1-102.[1]
The “ ‘primary consideration ... in the construction of statutes is to ascertain and give effect to the intention of the Legislature’ ” (Matter of Tutunjian v Conroy, 55 AD3d 1128, 1130 [2008], quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a], at 176; see Yatauro v Mangano, 17 NY3d 420, 426 [2011]). To ascertain that intent, the court must “first read the statute literally and determine whether its language is unambiguous and clearly expresses the Legislature’s intent” (Matter of Tutunjian v Conroy, 55 AD3d at 1130; see McKinney’s Cons Laws of NY, Book 1, Statutes § 76; Yatauro v Mangano, 17 NY3d at 426-427; Matter of Sutka v Conners, 73 NY2d 395, 403 [1989]). Then, if the language is found to be ambiguous, the court must “consult the statute’s legislative history for guidance” (Matter of Tutunjian v Conroy, 55 AD3d at 1130-1131; see McKinney’s Cons Laws of NY, Book 1, Statutes § 120 at 242; Ferres v City of New Rochelle, 68 NY2d 446, 451 [1986]; Matter of Rosen v Assessor of City of Troy, 261 AD2d 9, 12 [1999]).
Here, a literal reading of Election Law § 1-102 suggests that a conflicting provision of “any other law” will apply in the absence of language expressly indicating that the Election Law “shall apply notwithstanding any other provision of law” (Election Law § 1-102). To the extent that there is no modifier used, *1000 “any other law” could mean any other state law—or any other law whatsoever, including local law. Under these circumstances, the court finds that the language of the statute is ambiguous and must turn to the legislative history for guidance as to what was intended.
To that end, the Election Law was comprehensively recodified in chapter 233 of the Laws of 1976 to “eliminate[ ] obsolete and conflicting provisions therein” (Sponsor’s Mem, Bill Jacket, L 1976, ch 233). Certain “technical and typographical corrections [to] the recodification” were then made in chapter 234 of the Laws of 1976 (Sponsor’s Mem, Bill Jacket, L 1976, ch 234). It was in this subsequent chapter that Election Law § 1-102 was amended. Specifically, prior to December 1, 1977, Election Law § 1-102 stated, in pertinent part:
“This chapter shall govern the conduct of all elections at which voters of the state of New York may cast a ballot for the purpose of electing an individual to any office or deciding any matter whereon a vote of its citizens is required or permitted. Where a specific provision of law exists in the education law which is inconsistent with the provisions of this chapter, such provision shall apply” (former Election Law § 1-102).
Chapter 234 of the Laws of 1976 then amended the statute to its current form:
“This chapter shall govern the conduct of all elections at which voters of the state of New York may cast a ballot for the purpose of electing an individual to any office or deciding any matter whereon a vote of its citizens is required or permitted. Where a specific provision of law exists in [the education] any other law which is inconsistent with the provisions of this chapter, such provision shall apply unless a provision of this chapter specifies that such provision of this chapter shall apply notwithstanding any other provision of law ” (L 1976, ch 234, § 1 [matter in brackets is old law to be omitted].)
The bill jacket accompanying chapter 234 of the Laws of 1976 is replete with statements that the law was intended to correct certain oversights contained within chapter 233 of the Laws of 1976 and made no substantive changes. For example, the State Board of Elections stated as follows: “The bill contains a minimum of substantive changes, none of which are of major significance” (St Bd of Elections Mem, Bill Jacket, L 1976, ch 234). *1001 The Association of the Bar of the City of New York then stated: “The amendments are minor in nature and for the most part intended to correct defects in the new law” (Letter from Assn of Bar of City of NY, May 27, 1976, Bill Jacket, L 1976, ch 234). Finally, the League of Women Voters of New York State stated: “It is truly a recodification, not making substantial or highly controversial changes in the law” (Letter from League of Women Voters of NY State, May 20, 1976, Bill Jacket, L 1976, ch 234).
To the extent that “the education law” referenced in former Election Law § 1-102 is a state law and chapter 234 of the Laws of 1976 was not intended to make any substantive changes, the court finds that the language “any other law” was intended to reference any other state law—not any other law whatsoever, including local law. Indeed, “[u]niform statewide application of the Election Law—to protect the fundamental right of suffrage and to ensure the orderly conduct of elections for local, statewide, and federal offices—is a matter of . . . statewide concern” (Matter of Wood v County of Cortland, 23 Misc 3d 913, 915-916 [Sup Ct, Cortland County 2009], affd 72 AD3d 1447 [2010]). Therefore, if the language was interpreted to mean any other law whatsoever, municipalities would have the ability to rewrite all but 12 sections of the Election Law. This would constitute a substantial and controversial change to the Election Law—certainly not the type of change envisioned by the supporters of chapter 234 of the Laws of 1976. Presumably, in amending Election Law § 1-102 to its current form, the legislature was recognizing that the law has evolved and there now exists state law outside of the Education Law that also conflicts with the Election Law.[2]
Having found that Election Law § 1-102 does not apply to local law, the court denies respondents’ pre-answer motion to dismiss in its entirety. Respondents are hereby directed to serve an answer on petitioner within 30 days of service of this deci *1002 sion and judgment with notice of entry thereon. Petitioner shall then have 15 days from receipt of the answer to serve a reply, following which the matter shall be deemed fully submitted.
Therefore, it is hereby ordered that respondents’ motion to dismiss is denied in its entirety.

. Specifically, this language is included in Election Law §§ 4-104 (3-a), (3-b); 5-202 (6); 6-158 (10); 6-204 (2); former 7-123 (4-b); 7-203 (2); 7-209; 8-106 (1), (2), (3) and 15-108 (3) (b).

. In this regard, it should be noted that the majority of courts which have applied the “any other law” language of Election Law § 1-102 have done so in relation to other state laws (see County of Broome v Conte, 120 Misc 2d 1050 [Sup Ct, Broome County 1983], affd 101 AD2d 905 [1984]; LaCagnina v City of Schenectady, 100 Misc 2d 72, 76 [1979], affd 70 AD2d 761 [1979]; see also Dill v Lake Pleasant Cent. Sch. Dist, 2004 WL 2381528, *5, 2004 US Dist LEXIS 21341, *13 [ND NY, Oct. 25, 2004, No. 5:99-CV-1610 (FJS/GJD)]). While one court seems to suggest that the language could be applied in relation to local laws (see N.Y.P.I.R.G.—Citizen’s Alliance v City of Buffalo, 130 Misc 2d 448, 449 [Sup Ct, Erie County 1985]), this suggestion is made by way of citation and without any meaningful analysis.